1          THE HONORABLE THOMAS S. ZILLY

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8   JILLIAN HORMAN, an individual,

9                            Plaintiff,
                                                    Case No. 2:20-cv-00564-TSZ
10  v.
                                                    **AMENDED COMPLAINT FOR**
11  SUNBELT RENTALS, INC., a Washington             **DAMAGES**
    State Entity; "DOE(S) 1-100", employees of
12  SUNBELT RENTALS, INC.; and                      [JURY DEMANDED]
    "CORPORATION(S) XYZ 1-100,"
13
                             Defendants.
14

15          COMES NOW the Plaintiff, by and through her attorneys of record, Ada K. Wong and

16
    Jordan T. Wada of AKW Law, P.C., in the above-entitled matter and alleges as follows:
17
                              **I.      PARTIES**
18
            1.      Plaintiff Jillian Horman is an adult citizen of the United States and a resident of
19
    Wilsonville, Oregon.
20
            2.      Defendant Sunbelt Rentals, Inc., is and was at all times material hereto, doing
21
    business in King County, Washington, located at 17950 Redmond Way, Redmond,
22
    Washington 98052.  It employed more than 8 employees at all relevant times herein and is an
23

AMENDED COMPLAINT FOR DAMAGES - 1
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    employer as defined in the Washington Law Against Discrimination.

2        3.      Defendants "Doe(s) 1-100," in doing the things complained of herein, were

3    acting within the course and scope of their employment by Sunbelt Rentals, Inc.

4        4.      Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are

5    unknown to Plaintiff at this time but in doing the things complained of herein, were acting

6    within the course and scope of their relationship with Defendants and/or were entities involved

7    in causing harm to Plaintiff as alleged herein.

8        5.      Each defendant is, and at all times herein mentioned was, an agent of the other

9    and acting within the course and scope of Sunbelt Rentals, Inc. in causing the harm as alleged

10    herein.

11                    **II.**      **JURISDICTION AND VENUE**

12        6.      On or about March 24, 2020, Plaintiff initially filed the above-entitled action as

13    Case No. 20-2-07153-6 SEA in the Superior Court for the County of King, State of

14    Washington.

15        7.      On or about April 14, 2020, Defendant Sunbelt Rentals, Inc. filed a Notice of

16    Removal pursuant to 28 U.S.C. § 1446(b).

17        8.      This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332

18    because it is a civil action between citizens of different states and the amount in controversy

19    in excess of $75,000.00, exclusive of interest and costs.

20        9.      All of the unlawful acts and practices alleged herein occurred in King County,

21    Washington. The Western District of Washington, Seattle Courthouse is the appropriate forum

22    for this matter.

23    ///

AMENDED COMPLAINT FOR DAMAGES - 2
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

III.    FACTS

10.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 9, above.

11.    On or about June 21, 2018, Plaintiff was hired at Sunbelt's Redmond, Washington location as a Driver 1.

12.    At the time Plaintiff was terminated on or about April 26, 2019, she worked full-time and her regular rate of pay was $18.00 per hour.

13.    Plaintiff's job duties included picking up and delivering skid steers, small excavators, scissor lifts, and other equipment.

14.    Plaintiff was scheduled to work from 6:30 a.m. to 3:00 p.m., five days per week.

15.    When Plaintiff was hired, she was not required to work more than eight hours per day.

16.    Throughout her time driving for Sunbelt, Plaintiff was a hardworking, competent, and loyal employee.

17.    In or around August 2018, Plaintiff began to experience rude and disrespectful conduct from Dispatcher Kirstie Sobota Phelps, who also directed this behavior toward customers and other employees.

18.    Plaintiff discussed her difficulties working with Ms. Phelps with Sunbelt District Manager Perry Cook.

19.    Plaintiff asked Manager Cook how to remedy the situation.

20.    Manager Cook stated and repeated multiple times that Plaintiff was in the "wrong role," which Plaintiff surmised was based on her sex, as there were no other female drivers at Sunbelt's Redmond location.

AMENDED COMPLAINT FOR DAMAGES - 3
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

21.     Profit Center Manager Anthony Bariel stated to Plaintiff that Manager Cook believes that women should not be truck drivers.

22.     Manager Cook made no recommendations as to what he felt was the "correct role" for Plaintiff.

23.     Plaintiff called Sunbelt Human Resources to report Dispatcher Phelps' disrespectful behavior toward her.

24.     In or around Fall 2018, Brent Johnson became Plaintiff's manager.

25.     Mr. Johnson was an interim dispatcher during a transition period around this time.

26.     Plaintiff asked Mr. Johnson for women's sized work pants because the men's sized work pants she was issued, which feature high visibility reflective material for safety, were too large for her, raising concerns about her safety and protection.

27.     Mr. Johnson did not promptly attempt to provide Plaintiff with women's sized work pants.

28.     When women's sized work pants were provided, they did not have the high visibility reflective material that is included in the men's work pants, which is for safety.

29.     Plaintiff requested women's size work pants with high visibility reflective material, but Mr. Johnson refused.

30.     Plaintiff's male coworkers were not refused appropriately fitting work pants with high visibility reflective material.

31.     Plaintiff's coworkers who were drivers were all male and included Oscar Martinez, driver Dane (last name unknown), and driver David (last name unknown).

32.     Plaintiff was regularly discouraged from taking rest breaks.

AMENDED COMPLAINT FOR DAMAGES - 4
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

33.     When drivers attempted to rest for even two minutes, they were told to keep working and that there was "no time for standing around."

34.     If Plaintiff attempted to still take a break, she would be told to keep working.

35.     However, if Mr. Martinez, Dane, or David persisted in taking a break, they would be left alone.

36.     One day while Mr. Johnson's was the dispatcher, Plaintiff arrived at the yard to deliver an excavator and needed to use the restroom.

37.     Mr. Johnson approached Plaintiff and handed her paperwork regarding the excavator delivery.

38.     Plaintiff told Mr. Johnson "thank you" and that she would use the restroom quickly and begin the delivery.

39.     Mr. Johnson became upset that Plaintiff needed to use the restroom, scolded Plaintiff for even asking, and told her in a stern voice that the excavator was already late, and needed to go out immediately.

40.     Plaintiff proceeded to deliver the excavator without using the restroom and experienced severe pain.

41.     Though she was scheduled to work eight hours per day, Plaintiff was frequently asked to stay past her scheduled shift, which caused her to miss doctor's appointments for her son on at least two occasions.

42.     Around this time, Sopheak (last name unknown) became the dispatcher at Sunbelt's Redmond location.

43.     Sopheak often screamed at Plaintiff over the phone and cursed at her while asking if she had a "communication problem."

AMENDED COMPLAINT FOR DAMAGES - 5
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

44.     Sopheak did not curse at Plaintiff's male coworkers or ask them if they had a "communication problem."

45.     Due to Sopheak's conduct, on most days, Plaintiff left work in tears or cried on her way to work.

46.     The general tool yard, located at 17950 Redmond Way, Redmond, WA 98052, comprises Sunbelt's main office and rental office for its Redmond location.

47.     On or about November 13, 2018, Sopheak asked Plaintiff to take the stake body truck to the general tool yard.

48.     This truck was unsafely loaded with cargo on pallets that were falling apart. The entire load was unsafe and poorly balanced.

49.     A mechanic passed by the truck and asked Plaintiff, "You aren't going to take that load like that, are you?"

50.     Determining that the load was unsafe, Plaintiff made the decision to not take the load.

51.     As Sopheak was securing the load on the truck, Plaintiff told him that she was not going to deliver the load because it was not safe.

52.     Sopheak became very upset.

53.     Sopheak finished strapping down the load, entered the truck cab, drove off quickly in the yard, then slammed on the brakes.

54.     Sopheak drove up to Plaintiff and said, "The load is fine, you just need to drive like that to get the load to settle."

55.     Plaintiff took photos of the unsafe load and of Sopheak driving it, which she provided to Sunbelt's Safety Department for the Seattle area.

AMENDED COMPLAINT FOR DAMAGES - 6
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

56.     In or around November 2018, Plaintiff was making an equipment delivery when she received a call from Mr. Johnson, who insisted that she return to Sunbelt's Redmond location for another delivery.

57.     Plaintiff asked Mr. Johnson for help with her delivery, but Mr. Johnson repeated that she needed to return quickly, asked Plaintiff why she needed help, asked if she needed help "because you're a girl?", and stated "the other drivers don't need help."

58.     Sunbelt's Redmond location regularly held safety meetings on Tuesdays.

59.     During these safety meetings, if Plaintiff began to speak, Mr. Johnson would talk over her, but he did not talk over her male coworkers.

60.     When Plaintiff asked Mr. Johnson a work-related question, such as about how to fill an order, Mr. Johnson ignored or demeaned Plaintiff.

61.     Mr. Johnson did not ignore work-related questions from Mr. Martinez, Dane, or David, but would address the question from these male employees and help them.

62.     Mr. Johnson also spoke to Plaintiff differently than he did to her male coworkers, treating her treating her like she was not knowledgeable and rolling his eyes at her.

63.     On occasions when Plaintiff had difficulty hooking up equipment and learning how to use Vehicle Dispatch Optimization System ("VDOS"), Mr. Johnson would not help Plaintiff, but asked her why she was doing what she was doing, whereas he was helpful to male employees.

64.     If Mr. Johnson was with male Sunbelt employees, he would often joke with them, but if Plaintiff entered the room, he would not joke with her and treated her coldly.

65.     Mr. Johnson also demanded that Plaintiff complete more "runs," or equipment deliveries, and stated "guys can do it."

AMENDED COMPLAINT FOR DAMAGES - 7
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

66.     In or around mid-February 2019, Sunbelt held a safety meeting and addressed backing up trucks.

67.     Shortly thereafter, Plaintiff had a minor incident while backing up a vehicle where she scraped the sticker off a box truck.

68.     Plaintiff reported the incident to Sunbelt.

69.     Mr. Johnson responded by scolding Plaintiff in front of several others at the heavy yard, which was where the heavy equipment, such as reach forklifts, excavation equipment, scissor lifts, manlifts, and other larger equipment were kept.

70.     Mr. Johnson later issued a written warning to Plaintiff for this incident.

71.     On the same day as Plaintiff's incident where she scraped the sticker off the box truck, driver Mr. Martinez was operating his truck and did not secure the hydraulic lift gate for the truck bed, which dragged on the ground as he drove.

72.     Mr. Johnson did not publicly scold Mr. Martinez or issue him a written warning.

73.     Plaintiff reported Mr. Johnson's treatment of her to Sunbelt Human Resources Territory Manager Lee Reed, who is based in California.

74.     Plaintiff told Human Resources Manager Reed that Mr. Johnson's conduct made her feel very uncomfortable and felt she was being harassed because she is a woman.

75.     Plaintiff told Human Resources Manager Reed that she felt that she had a target on her back, and that she worked in a hostile work environment.

76.     The following week, Mr. Johnson called Plaintiff into his office.

77.     Mr. Johnson asked Plaintiff, "Why do you feel you have a target on your back? You feel that you work in a hostile work environment?"

78.     As these were the exact statements Plaintiff had made to Human Resources

AMENDED COMPLAINT FOR DAMAGES - 8
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  Manager Reed, she realized her complaint to Human Resources was reported directly to Mr.

2  Johnson.

3       79.    On or about March 14, 2019, Human Resources Manager Reed visited

4  Sunbelt's Redmond location and met with Plaintiff one-on-one for about two hours.

5       80.    Human Resources Manager Reed and Plaintiff spoke about all of Plaintiff's

6  complaints, including that she was upset with how Mr. Johnson treated her based on her sex,

7  and that she felt Mr. Johnson was treating her differently than her male counterparts.

8       81.    Plaintiff also asked Human Resources Manager Reed to speak with other

9  Sunbelt employees about any harassment they have witnessed.

10       82.    Plaintiff also addressed issues she had about her hours and requested to see her

11  VDOS logs, which contained her employee time records.

12       83.    Plaintiff informed Human Resources Manager Reed that Mr. Johnson was

13  capable of logging into her work phone, and that she suspected Mr. Johnson was adjusting her

14  VDOS logs without her knowledge.

15       84.    Plaintiff's male coworkers did not experience similar issues with their VDOS

16  logs being adjusted by a manager.

17       85.    After Plaintiff reported Mr. Johnson for harassment and treating her differently

18  because she is a woman, Sunbelt's treatment of her worsened.

19       86.    For example, she was directed to deliver push manlifts, which are large and

20  unsafe.

21       87.    Plaintiff is about 5 feet 1 inch tall.

22       88.    When Plaintiff asked for tools and rain gear, she was told that she had to provide

23  her own tools and was refused rain gear.

**AMENDED COMPLAINT FOR DAMAGES - 9**
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

89.     Plaintiff also reported issues with the truck she drove for Sunbelt.  Sunbelt ignored her.

90.     When Plaintiff asked about Sunbelt's investigation into her complaint of sex discrimination and harassment, she was told it was inconclusive and that the details were none of her business.

91.     The stress and harassment Plaintiff experienced at Sunbelt caused her to seek medical attention.

92.     On or about March 27, 2019, Plaintiff's physician, Kurt Billett, M.D., provided a letter stating, "For health reasons, Plaintiff should not work more than 8 hours per day."

93.     Plaintiff then submitted Dr. Billett's letter to Sunbelt.

94.     Mr. Johnson told Plaintiff that if she did not work overtime, she would be terminated.

95.     Mr. Johnson also did not allow Plaintiff to attend her medical appointments during her work hours from 6:30 a.m. to 3:00 p.m.

96.     Mr. Johnson permitted male Sunbelt employees to attend medical appointments during work hours.

97.     Plaintiff wished to continue working with the limitations directed by her doctor.

98.     However, on April 10, 2019, Sunbelt Human Resources Generalist Mariana Troy (formerly Stout) mandated Plaintiff to have her doctor complete certification paperwork for a personal leave of absence.

99.     On or about April 11, 2019, Dr. Billett completed certification paperwork for a personal leave of absence that Sunbelt Human Resources Generalist Mariana Troy required Plaintiff to submit.

AMENDED COMPLAINT FOR DAMAGES - 10
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

AKW LAW, P.C.
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    100.   Dr. Billett completed the paperwork, indicating that Plaintiff had elevated blood

2    pressure.

3    101.   Dr. Billett reiterated his recommendation that Plaintiff's work be limited to

4    eight hours per day.  Dr. Billett did not recommend that Plaintiff was required be absent from

5    work due to a medical condition.

6    102.   This leave of absence paperwork was transmitted to Sunbelt that day.

7    103.   On or about April 11, 2019, Plaintiff was performing her morning run for

8    Defendant, when she received a call from Human Resources Generalist Troy, asking her to

9    return to the yard and park the truck.

10    104.   Human Resources Generalist Troy stated that Plaintiff could no longer work

11    until she was cleared to work by her doctor.

12    105.   Plaintiff was confused as she was not told that she was unable to work by her

13    doctor, only that she was limited to working 8 hours per day.

14    106.   Human Resources Generalist Troy then put Plaintiff on leave.

15    107.   On or about April 17, 2019, Human Resources Generalist Troy attempted to

16    contact Dr. Billett, seeking Plaintiff's confidential medical information.

17    108.   Plaintiff did not authorize Human Resources Generalist Troy to contact her

18    personal doctor or to obtain her confidential medical information.

19    109.   Human Resources Generalist Troy was not successful in obtaining any

20    documents containing Plaintiff's confidential medical information from Dr. Billett's office.

21    110.   On or about April 17, 2019, Human Resources Generalist Troy held a telephone

22    conference with Human Resources Manager Reed and Plaintiff.

23    111.   Addressing Dr. Billet's recommendation that Plaintiff work no more than eight

AMENDED COMPLAINT FOR DAMAGES - 11
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    hours per day, Human Resources Generalist Troy stated that Plaintiff had the choice to work

2    overtime up to twelve hours per day or that Sunbelt would not accommodate her.

3         112.    Plaintiff again explained her work restrictions and that at the outset of her

4    employment, she was not required to work overtime or work past 3:00 p.m.

5         113.    Human Resources Manager Reed stated that business needs "right now"

6    required Plaintiff to work more than eight hours per day.

7         114.    Plaintiff reported that she was being discriminated against.

8         115.    Human Resources Generalist Troy stated that she had spoken to Plaintiff's

9    doctor and that either Plaintiff could work the hours now being demanded by Sunbelt, or

10   Sunbelt would not accommodate her.

11        116.    In a follow-up phone call with Plaintiff that same day, Human Resources

12   Generalist Troy stated that Plaintiff's medical leave was being denied and that she was

13   expected to report to work the next day.

14        117.    The next day, April 18, 2019, Plaintiff returned to work.

15        118.    On or about April 24, 2019, Plaintiff arrived at work, picked up her first set of

16   work papers, and set off to prepare an excavator for delivery.

17        119.    She was directed to deliver an excavator with two different sized buckets and a

18   jackhammer attachment.

19        120.    Plaintiff did not receive training on how to properly load the attachments.

20        121.    Plaintiff then returned to the yard and retrieved another work order, which was

21   assigned by Sunbelt Dispatcher Michael Warner and Mr. Johnson.

22        122.    This work order directed Plaintiff to pick up two duct jacks, which are large

23   equipment used for lifting heavy beams and ducting.

AMENDED COMPLAINT FOR DAMAGES - 12
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

123.     Plaintiff was not regularly required to handle or drop off duct jacks.

124.     Due to her height (5'1"), duct jacks are difficult for Plaintiff to move around and handle, so she approached them carefully and deliberately.

125.     Plaintiff's male coworker, Mr. Martinez, was able to perform this task as he was still on-site and is the employee who typically performs this task.

126.     However, Mr. Johnson asked Dispatcher Warner to put the task on Plaintiff's task list instead of Mr. Martinez's.

127.     When Plaintiff finished and indicated the job was complete, Mr. Johnson called her and said she needed to speak with him at his office at the general tool yard.

128.     Plaintiff arrived at the general tool yard where the duct jacks are stored, unloaded with a mechanic's assistance, and put her equipment away.

129.     Plaintiff entered his office, and Mr. Johnson told her that they needed to discuss her employment.

130.     Mr. Johnson said Plaintiff only completed two runs the past Monday and was "not giving one hundred percent."

131.     Plaintiff explained her concerns and logistical reasons impacting the number of runs she recorded.

132.     Mr. Johnson then called Human Resources Manager Reed, put her on speaker phone, and stated that Plaintiff needed to either work more than eight hours per day or voluntarily resign and agree to a severance agreement prepared by Sunbelt.

133.     Plaintiff told Mr. Johnson that was not right and that Sunbelt should try to accommodate her.  Sunbelt refused.

134.     Plaintiff also stated she wanted to see her VDOS logs, which she had previously

AMENDED COMPLAINT FOR DAMAGES - 13
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   asked to review.

2        135.    Mr. Johnson denied her requests.

3        136.    While Sunbelt prepared to deliver the severance agreement, Plaintiff returned

4   to her personal vehicle and cleaned out her work truck of all her personal belongings.

5        137.    Present in the office were Plaintiff, Mr. Johnson, Dispatcher Warner, two

6   unknown Sunbelt employees, and an unknown customer.

7        138.    Plaintiff placed her work cell phone and truck keys on the table in front of her.

8        139.    Mr. Johnson approached Plaintiff with the severance agreement and demanded

9   that she sign it.

10        140.    Plaintiff felt bullied and uncomfortable, and asked him to back off and give her

11   space.

12        141.    Finally, Mr. Johnson did step back, and then told Plaintiff to hurry up and sign

13   the papers.

14        142.    Plaintiff responded, "I'm not signing. I'm not quitting."

15        143.    Plaintiff did not sign the severance agreement and she refused to resign.

16        144.    As she approached her personal vehicle, Mr. Johnson asked, "So are you going

17   to work overtime then?"

18        145.    Plaintiff stated she could not.

19        146.    Plaintiff told Mr. Johnson, "You are harassing me. You are being a bully and

20   discriminating against me because I'm a woman."

21        147.    Plaintiff began to walk out of the office.

22        148.    Mr. Johnson then ordered, "Take your pants off."

23        149.    Plaintiff said, "Do what?"

**AMENDED COMPLAINT FOR DAMAGES - 14**
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

150. "Take your pants off," repeated Mr. Johnson.

151. Plaintiff said, "Excuse me?" in disbelief of Mr. Johnson's outrageous command directed at her, a woman.

152. Mr. Johnson then began to yell at Plaintiff about returning her work cell phone, which she had already given him, and yelled, "I need your uniform now!"

153. Plaintiff asked him, "You want me to take my pants off here, in the parking lot?"

154. "I want the uniforms back, now," Mr. Johnson repeated, making Plaintiff feel completely uncomfortable and violated.

155. Mr. Johnson did not direct any male Sunbelt employees to take their pants off.

156. Plaintiff attempted to get away from Mr. Johnson, but he kept following her.

157. On or about April 26, 2019, Human Resources Generalist Troy sent Plaintiff a letter stating that she violated company policy and had voluntarily abandoned her job.

158. At no time did Plaintiff quit or resign.

## IV.   FIRST CLAIM FOR RELIEF

## (WASHINGTON LAW AGAINST DISCRIMINATION – DISABILITY DISCRIMINATION)

159. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 158, above.

160. Defendants treated Plaintiff differently in the terms and conditions of her employment on the basis of the presence of any sensory, mental, or physical disability and/or because of Plaintiff's actual or perceived disability in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*

AMENDED COMPLAINT FOR DAMAGES - 15
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

161.   As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

162.   All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## SECOND CLAIM FOR RELIEF

## (WLAD – RETALIATION)

163.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 162, above.

164.   Plaintiff was treated differently and ultimately terminated in retaliation for her complaints related to what she reasonably believed were unlawful employment practices, in violation of the WLAD.

165.   Plaintiff has been injured by Defendants' purposeful and intentional discrimination and retaliation, as outlined above, and seeks to recover damages according to proof at trial.

166.   As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

167.   All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

///

**AMENDED COMPLAINT FOR DAMAGES - 16**
*HORMAN v. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1      **THIRD CLAIM FOR RELIEF**

2      **(WLAD – FAILURE TO ACCOMMODATE)**

3      168.    Plaintiff hereby incorporates by reference all allegations contained in

4      paragraphs 1 through 167, above.

5      169.    Defendants failed to provide reasonable accommodations for Plaintiff as

6      required by law.

7      170.    Defendants also failed to engage in an interactive process in exploring possible

8      reasonable accommodations for Plaintiff as required by law.

9      171.    As a direct and proximate cause of Defendants' deliberate actions, Plaintiff

10     incurred non-economic and economic damages, including but not limited to lost wages, future

11     wage loss, other benefits, loss of earning capacity, mental distress, physical damages,

12     emotional distress, and pain and suffering, in an amount to be proven at trial.

13     172.    All Defendants are liable for said conduct under both vicarious liability and on

14     an agency relationship.

15     **FOURTH CLAIM FOR RELIEF**

16     **(WLAD – HOSTILE WORK ENVIRONMENT BECAUSE OF SEX)**

17     173.    Plaintiff hereby incorporates by reference all allegations contained in

18     paragraphs 1 through 172, above.

19     174.    The WLAD recognizes a cause of action for harassment because of sex.  *See*

20     *Glasgow v. Georgia-Pac. Corp.*, 103 Wn.2d 401, 405 (1985).

21     175.    When determining whether harassing acts were done because of sex, "[t]he

22     question to be answered here is: would the employee have been singled out and caused to suffer

23     the harassment if the employee had been of a different sex?"  *Id.* at 406.

**AMENDED COMPLAINT FOR DAMAGES - 17**
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

176.   A female plaintiff asserting a claim of hostile work environment because of sex may establish that harassing acts are because of sex where she "shows if she had been of the opposite gender, she would not have been so treated." *Payne v. Children's Home Soc. of Washington, Inc.*, 77 Wn. App. 507, 515 (1995).

177.   Defendants subjected Plaintiff to a hostile work environment in violation of the WLAD, including but not limited to subjecting her to ongoing harassment and verbal abuse because of her sex, as described above.

178.   If Plaintiff had been of the opposite sex, Defendants would not have subjected her to a hostile work environment, as described above.

179.   At no time did Plaintiff consent or acquiesce to any of the illegal acts and/or illegitimate behaviors described above.

180.   Defendants were aware that Plaintiff complained about the hostile work environment, yet failed to take reasonable steps to investigate these allegations and complaints, and failed to ensure by appropriate corrective action and/or engage in any remedy of the situation.

181.   As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

182.   All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

///

**AMENDED COMPLAINT FOR DAMAGES - 18**
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**FIFTH CLAIM FOR RELIEF**

(***RESPONDEAT SUPERIOR***)

183.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 182, above.

184.    Defendant Sunbelt is liable for all actions of its employees, managers, and supervisors under the Doctrine of *Respondeat Superior.*  The conduct of these employees, managers, and agents was implicitly ratified by Defendant Sunbelt and involved discrimination and retaliation.

**V.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on her behalf for the following:

A.     Special damages in an amount according to proof at trial;

B.     General damages, including but not limited to physical, mental, and emotional injury resulting from the acts complained of herein;

C.     Attorney fees, prejudgment interest, costs, exemplary, and punitive damages as may be provided by law;

D.     Compensation for any tax penalty associated with recovery; and

E.     For such other and further relief as the court deems just and equitable.

**DATED** September 28, 2020.

AKW LAW, P.C.

/s/ Ada K. Wong
/s/ Jordan T. Wada

AMENDED COMPLAINT FOR DAMAGES - 19
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937
Attorneys for Plaintiff
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com

**AMENDED COMPLAINT FOR DAMAGES - 20**
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 28, 2020, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Shane P. Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
E-mail: shanec@harriganleyh.com
*Counsel for Defendant Sunbelt Rentals, Inc.*

Patricia J. Hill
Yash B. Dave
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
E-mail: pjhill@sgrlaw.com
E-mail: ydave@sgrlaw.com
E-mail: cmarsh@sgrlaw.com
*Pro hac vice Counsel for Defendant Sunbelt Rentals, Inc.*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: September 28, 2020, at Mountlake Terrace, Washington.


*/s/ Kaila A. Eckert*
Kaila A. Eckert

**AMENDED COMPLAINT FOR DAMAGES - 21**
*HORMAN V. SUNBELT RENTALS, INC., ET AL.*
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529