THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILLIAN HORMAN, an individual,

                Plaintiff,

v.

SUNBELT RENTALS, INC., *et al.*,

                Defendants.

Case No. 2:20-cv-00564-TSZ

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES**

**NOTE ON MOTION CALENDAR:**
February 19, 2021

## I.    RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Jillian Horman respectfully requests the Court grant Plaintiff's motion to compel Defendant Sunbelt Rentals, Inc. (hereinafter "Sunbelt") to fully produce *all* relevant documents that are responsive to Plaintiff's discovery requests, including relevant electronically stored information that has not yet been produced. Plaintiff also respectfully requests this Court to award of attorney's fees associated with Plaintiff being forced to bring this motion to compel (hereinafter "Motion") and Plaintiff's efforts over the last seven months to obtain the evidence to which Plaintiff was, and continues to be, entitled to.

## II.    RELEVANT BACKGROUND

Plaintiff Jillian Horman worked as a Driver for Defendant Sunbelt from June 2018 to April

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   2019. *See* Dkt. # 22 [Am. Compl.], ¶¶ 11-12. Plaintiff repeatedly experienced harassment due to her

2   sex, including being told by District Manager Perry Cook that she was unfit for her job because she is

3   a woman, being punished more severely than a male co-worker for similar incidents, and being ordered

4   by Brent Johnson, her male supervisor, to take her pants off in front of him. *Id.* at ¶¶ 20-21, 67-72,

5   148-151. In April 2019, Plaintiff requested a disability accommodation related to a diagnosed elevated

6   blood pressure condition and provided a letter from her physician, Kurt Billett, M.D., stating, "For

7   health reasons, [Plaintiff] should not work more than 8 hours per day." *Id.* at ¶¶ 100-101. Defendant

8   refused to accommodate Plaintiff and fired her. *Id.* at ¶¶ 115, 154. Plaintiff brings claims for disability

9   discrimination, failure to accommodate, retaliation, and hostile work environment on the basis of sex.

10         On June 4, 2020, the parties submitted their Joint Status Report, in which they agreed to use

11   the Model Protocol for Discovery of Electronically Stored Discovery in Civil Litigation ("ESI

12   Protocol"). Dkt. # 17, §§ 4(C) & 5(I); Declaration of Ada K. Wong (hereinafter "Wong Decl."), ¶ 2.

13   On June 16, 2020, Plaintiff served her First Interrogatories and Requests for Production to Defendant

14   (hereinafter "Plaintiff's Discovery Requests"). *Id.*, ¶ 3, Exs. A & B. Interrogatory No. 15, states:

15
16   If Defendant SUNBELT RENTALS, INC.'s (including its employees, agents, independent
     contractors, staff, and/or personnel) had any communications, in any form, with any person
     (excluding its attorneys), regarding the matters alleged in Plaintiff's Complaint, state:

17   (a) The identity of the person(s) with whom such communications were made;
     (b) What was said to the person(s) identified in subsection (a); and
18   (c) The date and form (written or oral) of each such communications.

19   *Id.* at Ex. A (*see also* Interrogatory No. 20, inquiring into investigations about Plaintiff's claims).

20         Plaintiff's Requests for Production ("RFP") include:

21   REQUEST FOR PRODUCTION NO. 15: Please produce a copy of all documents identified
     or referenced in, or that describe or contain the communications identified in, Defendant
22   SUNBELT RENTALS, INC.'s answer to Interrogatory No. 15."
     ….
23   REQUEST FOR PRODUCTION NO. 34: "Please produce any and all communications

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 2
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   regarding the matters alleged in Plaintiff JILLIAN HORMAN's Complaint between Defendant
2   SUNBELT RENTALS, INC. (including its employees, agents, independent contractors, staff, and/or personnel) and any person and/or entity, including text messages, emails, letters, etc."

3   See *id.*, Ex. B.  Plaintiff's RFP Nos. 7, 20, 22-26, and 33 further specify document categories relating
4   to her firing, complaints, investigations, accommodation requests, and the interactive process. *Id.*

5   Defendant served responses and objections on July 16, 2020, in which it interposed numerous
6   unwarranted boilerplate objections and an incomplete production of 454 pages, about 144 pages of
7   which were e-mails regarding Plaintiff and their attachments. *Id.* at ¶ 5. On August 20, 2020, Plaintiff's
8   counsel sent defense counsel a letter outlining deficiencies in Defendant's responses to Plaintiff's
9   Discovery Requests and requesting to meet and confer. *Id.* at ¶ 6. In response, defense counsel sent a
10  letter on August 26, 2020 repeating its numerous unwarranted boilerplate objections and refusing to
11  supplement its responses. *Id.* at ¶ 7.

12  On October 2, 2020, Plaintiff's counsel sent another letter requesting a discovery conference
13  to discuss deficiencies in Defendant's responses to Plaintiff's Discovery Requests. *Id.* at ¶ 8. On
14  October 8, 2020, counsel met and conferred. Declaration of Jordan T. Wada ("Wada Decl."), ¶ 2.
15  During the call, the parties were only able to agree to three initial search terms for electronically stored
16  information ("ESI"): "Horman," AND "retaliation," discrimination," and "accommodation," with
17  initial custodians of Plaintiff, Perry Cook, Brent Johnson, Kristie Sobota Phelps, Reed Lee, and
18  Mariana Troy, which were the individuals Defendant identified as "likely to have discoverable
19  information that Defendant may use to support its claims or defenses" in its Initial Disclosures. *Id.* at
20  ¶ 3, Ex. F; Wong Decl., Ex. C.

21  On December 3, 2020, Defendant served supplemental responses and objections to Plaintiff's
22  Discovery Requests. Wong Decl., ¶ 10. Defendant's supplemental production contained 56 pages, of
23  which only 19 were e-mails or text messages pursuant to the agreed search terms. These were not fully

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 3
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  responsive to many of Plaintiff's Discovery Requests. *Id.* Defendant did not find this initial ESI search

2  to be an undue burden and has demonstrated its ability to perform such searches.

3        On January 14, 2021, Plaintiff's counsel scheduled another discovery conference to discuss

4  Defendant's responsive documents and requested full production of all relevant documents. *Id.* at ¶

5  11. In another good faith effort to obtain all relevant and responsive documents, Plaintiff requested

6  broadening the scope of ESI search terms based specifically upon language from Defendant's

7  produced documents. *Id.* at Ex. G. Designating a time limitation of six months, from January 1, 2019

8  through June 30, 2019, Plaintiff proposed the following search terms:

9      "Jillian"; "Horman" **AND**

10
- Terminat*; Separat*; Fire*; Quit; Severance; Release; sign*; letter
- Abandon; call; show; notice; noti*

11
- Blood pressure; Doc*; Physician; BP; letter; note; 8 hr*; 8 hours; Billett; Evergreen*
- Leave; attendance; absence*; Back to work; schedule*

12
- Reasonable; appointment

13      "Dispatch*"; "Driver*" **AND**

14
- Terminat*; Separat*; Fire*; Quit; Severance; Release; sign*; letter
- Abandon; call; show; notice; noti*

15
- Blood pressure; Doc*; Physician; BP; letter; note; 8 hr*; 8 hours; Billett; Evergreen*
- Leave; attendance; absence*; Back to work; schedule*

16
- Reasonable; appointment

17  *Id.* at Ex. G, pp. 3-4.

18        Plaintiff also requested further searches pursuant to a similar list of custodians that the parties

19  previously agreed, withdrawing Ms. Phelps and adding Human Resources personnel Vicky Gibson

20  and Margarita Gensler, who were not identified in Defendant's Initial Disclosures, but were revealed

21  to have been involved in Defendant's processes about which Plaintiff brings her legal claims. *Id.*

22        On January 25, 2021, defense counsel flatly rejected Plaintiff's request for a supplemental ESI

23  search, refusing to conduct ***any*** further ESI searches. *Id.* at ¶ 12. Defense counsel also refused to agree

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 4
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

to **any** additional custodians. *Id.* Defense counsel contended that Plaintiff's only option was to request

the Court's intervention. *Id.* Defendant's current position is in violation of its obligations under Rules

26 and 34. Faced with no other recourse, Plaintiff respectfully requests the Court's intervention.

### III.    ISSUES PRESENTED

1.    Whether the Court should issue an order compelling Defendant to conduct ESI searches

pursuant to Plaintiff's proposed scope and produce all documents responsive to Plaintiff's Discovery

Requests in full compliance with Federal Rules 26 and 34.

2.    Whether this Court should award Plaintiff reasonable attorney's fees.

### IV.    EVIDENCE RELIED UPON

In support of this Motion, Plaintiff Jillian Horman relies upon the following:

1.    The Declarations of Ada K. Wong and Jordan T. Wada, and the attachments; and

2.    The files and pleadings herein.

### V.    AUTHORITY AND ARGUMENT

**A.    Legal Principles**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[1] Courts construe

relevant information "broadly to encompass any matter that bears on, or that reasonably could lead to

other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., et

al. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery is "particularly broad" in an

employment discrimination case. *Bell v. Lockheed Martin*, 270 F.R.D. 186, 193 (D.N.J. 2010).

---

[1] When addressing proportionality, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The proportionality factor is not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id.,* Cmt to 2015 Amendment.

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 5
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

A "party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). Where a party fails to respond to discovery, the propounding party "may move for an order compelling . . . production." Fed. R. Civ. P. 37(a)(3)(B).[2] "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). A failure to provide complete responses is treated the same as a failure to respond.  Fed. R. Civ. P. 37(a)(4).

**B.    Defendant Sunbelt Must Produce All Responsive Documents. Plaintiff's Proposed Search Methodology is Relevant and Proportional to the Needs of the Case**

Defendant must comply with its affirmative duty under Rule 34 to seek all responsive documents within its possession, custody, or control that are relevant to Plaintiff's claims. Defendant's refusal to conduct any further search for responsive documents prompted Plaintiff to propose an additional ESI search that is calculated to help ensure that all responsive documents are produced.

**1.    Plaintiff Reasonably Believes Defendant's Document Production is Incomplete**

Plaintiff's proposed ESI scope is reasonable, proportional, and will lead to the discovery of additional highly relevant evidence. The initial search terms of "retaliation," discrimination," and "accommodation" revealed e-mails in which Defendant's employees discussed high-level aspects of Plaintiff's claims. For instance, after the initial ESI search, Defendant produced e-mails that continued a thread between Mr. Johnson, Ms. Troy, Ms. Reed, and Ms. Gibson regarding the drafting of

---

[2] Fed. R. Civ. P. 27(a)(3)(A)-(B) provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer in interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 6
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Plaintiff's termination letter. *See* Wong Decl., Ex. I. Plaintiff's proposed custodians discussed

2    Plaintiff's medical accommodation request, the decision to deny the request, and Plaintiff's

3    termination on the same e-mail chains. *See id.* at Exs. I, J, & K. Plaintiff has reason to believe other e-

4    mail threads were produced incompletely or not at all. For example, an April 10, 2019 e-mail from

5    HR Territory Director Vicky Gibson states, "[Plaintiff]'s on leave until further notice," but Defendant

6    did not produce any further e-mails in this thread. *Id.* at Ex. K. Similarly, on April 17, 2019, Ms.

7    Gibson wrote, "Please send me what we have from her doctor," but again, no further e-mails in this

8    thread were produced. *Id.* at Ex. L. Plaintiff has shown that additional relevant documents likely exist,

9    Defendant must search for and produce them, and Plaintiff's proposed ESI search is reasonable.

10           **2.      Plaintiff's Proposed Custodians Likely Have Relevant Information**

11           To assist Defendant in locating additional responsive documents, Plaintiff proposed custodians

12   that were undisputedly involved in Plaintiff's claims. Defendant *itself* identified most of Plaintiff's

13   proposed custodians as likely having discoverable information regarding Plaintiff's claims in its Initial

14   Disclosures, and then agreed to use the same individuals as custodians in its initial ESI search. *See*

15   Wada Decl., Ex. F. Defendant's objections to these custodians are therefore meritless.

16           Defendant also objects to proposed custodians Margarita Gensler and Vicky Gibson, whose

17   involvement in Plaintiff's claims was revealed in the limited e-mails Defendant produced. Ms. Gibson

18   was *directly* involved in the handling of Plaintiff's report regarding a hostile work environment, her

19   request for a medical accommodation, the decision to deny her request for accommodation, and her

20   firing, and corresponded by e-mail with all other proposed custodians about these events. She reviewed

21   the conclusion issued following the investigation into Plaintiff's reports of workplace discrimination,

22   retaliation, and hostile work environment against Manager Johnson, but Defendant has not produced

23   or searched her documents. *See id.* at Ex. M. Throughout the limited e-mails produced, Ms. Gibson

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 7
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    directs and advises Manager Johnson, District Manager Cook, and all other Human Resources

2    employees involved the decision-making. *See id.* at Exs. I, N, O.

3          Benefits Specialist Margarita Gensler was in direct contact with Plaintiff's supervisor about

4    Plaintiff's medical condition and request for an accommodation, as directed by Ms. Gibson. *See* Wong

5    Decl., Ex. P. On April 8, 2019, Ms. Gensler asked HR Generalist Mariana Troy (formerly Stout) to

6    "reach out to Jillian" about leave and to complete an "accommodation request form," *id.* at p. 1, but

7    no further e-mails from Ms. Gensler on this subject were produced. It appears that instead of this

8    "accommodation request form," Ms. Troy sent Plaintiff two *different* forms, which is likely explained

9    in e-mails that were not produced. *Id.* at Exs. J & P. Plaintiff's proposed custodians are well chosen.

10         **3.      Plaintiff's Proposed Search Terms Are Relevant, Narrow, and Specific**

11         Plaintiff's proposed supplemental search terms are focused on and specific to her claims. For

12   example, on April 10, 2019, Ms. Troy e-mailed Ms. Gibson and Ms. Gensler, "Lee [Reed] was right

13   and it [sic] the accommodation is related to her blood pressure." *Id.* at Ex. J. However, Defendant did

14   not produce any e-mails in which Ms. Reed discusses "blood pressure," so it is a proposed search term.

15   On April 17, 2019, Ms. Troy e-mailed Plaintiff with six talking points explaining why Defendant

16   would not accommodate her, including use of the terms "leave," "8 hours," "schedule," and stating

17   that Ms. Troy spoke with Plaintiff's physician, "Dr. Billett," *Id.* at Q. No e-mails produced by

18   Defendant explain where Ms. Troy, who frequently asked for direction from Ms. Gibson, *see e.g.*, *id.*

19   at Ex. O, got these taking points, so the key terms she used are proposed search terms. In an e-mail

20   thread with Ms. Reed, Ms. Gibson and Mr. Johnson, Mr. Cook, wrote, "I got approval from Rod to

21   offer a 4 week severance to [Plaintiff]." *Id.* at Ex. R. But "Rod" has only been identified by name and

22   no e-mails between Rod and Mr. Cook regarding severance were produced. Plaintiff based her specific

23   search terms on Defendant's own use of the terms (and their alternative forms), either in company

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**
**AND FOR ATTORNEY'S FEES - 8**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  policies or in its employees' e-mails directly discussing Plaintiff's claims. *See id.* at Exs. I-R.

2      Finally, Plaintiff's discovery requests are properly tailored in time to six months, from January

3  1, 2019 to June 30, 2019. This drastically alleviates any burden alleged by Defendant.

4      Plaintiff is entitled to ***all*** responsive documents as requested in Plaintiff's Discovery Requests.

5  Whether Defendant chooses to cooperate with Plaintiff through the ESI Protocol or undertake its

6  affirmative duty to conduct a reasonable search and produce all relevant documents itself, it must meet

7  its duties under Rule 34. Plaintiff's proposed ESI search for documents with relevant custodians and

8  search terms directly related to Plaintiff's disability discrimination, failure to accommodate,

9  retaliation, and hostile work environment claims is proportional to the needs in this case, is necessary

10  for Plaintiff to prove her case, and places no undue or burden on Defendant where it has already

11  demonstrated the ability to perform such searches. Plaintiff has the burden of proof and her ability to

12  do so is obstructed by Defendant's outright refusal to produce relevant documents.

13  **C.   Defendant Sunbelt's Refusal to Permit Further ESI Discovery is Contrary to Federal
       Rules and ESI Model Protocol**

14

15      The subject matter of this motion and procedures for the type of relief Plaintiff requests have

    been clearly set forth in the Federal Rules and ESI Protocol, which work in tandem in this jurisdiction.

16  *See Albert v. Lab. Corp. of Am.*, Case No. C19-510-RAJ-MLP at *5 (W.D. Wash. Jan. 31, 2020). A

17  party's obligation under Rule 34 to conduct a reasonable search for responsive documents can be

18  accomplished several ways, including using ESI Protocol. As the Western District of Washington has

19  explained, "the obligation to respond to discovery requests is not supplanted by the ESI Agreement.

20  The ESI Agreement is one tool to help the parties identify relevant, responsive information that has

21  been stored electronically and is proportional to the needs of the case." *Id.* at *4; *see also Ball v.*

22  *Manalto, Inc.*, Case No. C16-1523 RSM at *7 (W.D. Wash. May. 5, 2017) (ordering ESI production

23

1  of all e-mails sent to or from the plaintiff and all relevant custodians' e-mails mentioning him).

2  Where ESI is concerned, the "parties are expected to meet and confer about custodians of

3  relevant ESI, date ranges for searches of ESI, and other search parameters." *Brown v. Barnes & Noble,*

4  *Inc.*, 2019 WL 7168146, at *3 (S.D.N.Y. Dec. 23, 2019) (citing Fed. R. Civ. P. 1 and 26(f)).  "[F]or

5  keyword searching to be an effective informational retrieval tool, the process of crafting keyworks

6  must be a cooperative one." *L-3 Commc'ns Corp. v. Sparton Corp.*, 313 F.D.R. 661, 667 (M.D. Fla.

7  2015). If Defendant believes search terms are overly burdensome, it must "offer specific suggestions

8  for narrowing the offending search terms in a way that addresses their concerns while still retrieving

9  as many of the relevant documents targeted by the disputed search terms as possible." *Id.* at 670 (citing

10  Fed. R. Civ. P. 37(a)(1)).

11  The ESI Protocol echoes the Federal Rules by mandating the producing party to "search non-

12  custodial data sources, emails, and other ESI maintained by the [relevant] custodians" and to "search

13  non-custodial data sources, emails, and other ESI maintained by the [relevant] custodians." ESI

14  Protocol, § (E)(2)(c). Further, "[p]arties shall try to reach agreement on appropriate search terms," and

15  it after the producing party discloses its search terms, the requesting party is then entitled to input

16  on *additional* search terms to use in finding relevant documents. *Id.* at § (E)(2)(a)-(b).

17  Plaintiff has, in good faith, attempted to work with Defendant for a reasonable search terms

18  and custodians in compliance with Rule 37(a)(1)(A) and Local Rule 37(a)(1).  Plaintiff has sent three

19  letters and engaged in multiple meet and confer calls regarding this issue. After agreeing on the first

20  three initial search terms, Defendant has repeatedly rejected Plaintiff's efforts and refused to agree to

21  even one term or custodian.  Defendant has made clear Plaintiff's only option is to involve the Court.

22  Plaintiff's proposals are supported by Rule 34 and is substantially similar to the approach set

23  forth in the ESI Protocol. After defendant refused to produce further responsive documents on its own,

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 10
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Plaintiff, in good faith, agreed to three search terms as a reasonable *first step* calculated to target some,

2    but not all, relevant documents. Defendant provides no reason for not engaging in another search for

3    specific terms and custodians besides broadly claiming undue burden. Meanwhile, Defendant's

4    production of a modest number of documents using the initial three search terms has revealed new

5    information, including additional e-mails on previously incompletely-produced e-mail threads, and

6    the terminology used by Defendant's employees to discuss Plaintiff's claims. This establishes a high

7    probability of the existence of other relevant documents responsive to Plaintiff's Discovery Requests.

8            In an effort to target all responsive, relevant documents, Plaintiff proposed additional specific

9    terms and custodians. The ESI Protocol explicitly anticipates this approach by addressing the need for

10   additional ESI searches to find relevant documents, § (E)(2)(a)-(b). Despite agreeing to follow the ESI

11   Protocol, Defendant has refused to cooperate or discuss any further agreement regarding additional

12   search terms and custodians. Defendant's refusal to engage in a cooperative discussion conflicts with

13   its obligation under Rule 37(a)(1). *See L-3 Commc'ns Corp.,* 313 F.D.R. at 670. If Defendant contends

14   that Plaintiff's proposed ESI search imposes an undue burden, the company is required to make a good

15   faith effort to come to a reasonable solution. Defendant has refused to do so.

16           Defendant's obstinate imposition of an arbitrary three-term cap on discovery is not only

17   contrary to the Federal Rules and ESI Protocol, but it also jeopardizes Plaintiff's right to relevant

18   discovery in this case. *See L-3 Commc'ns Corp.*, 313 F.D.R. at 667; *see also Ingrid & Isabel, LLC v.

19   Baby Be Mine, LLC*, 2014 WL 1338480 (ordering defendants to produce electronically stored media

20   to plaintiff's experts, noting that defendant's use of seven narrow search terms was "obviously

21   deficient"). Unless this Court intervenes, Defendant's refusal to comply with the Federal Rules and

22   ESI Protocol will deprive Plaintiff of her ability to prove her employment discrimination claims.

23   **D.      Reasonable Attorney's Fees are Appropriate**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 11
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2          Rule 37 mandates an award of reasonable fees and costs to a party forced to file a motion to

3    compel, absent limited circumstances. If the Court grants the motion, an award of fees is mandatory:

4          If the motion is granted—or if the disclosure or requested discovery is provided after the
           motion was filed—the court must, after giving an opportunity to be heard, require the party or
5          deponent whose conduct necessitated the motion, the party or attorney advising that conduct,
           or both to pay the movant's reasonable expenses incurred in making the motion, including
6          attorney's fees….

7    Fed. R. Civ. P. 37(a)(5).

8          Defendant's failure to comply with the Federal Rules and ESI Protocol as agreed to in the

9    parties' Joint Status Report necessitated the filing of this Motion. Plaintiff has made a good faith effort

10   to obtain the discovery responses without this Court's involvement. This Motion would not have been

11   necessary if Defendant attempted to come to a reasonable agreement regarding ESI search

12   methodology beyond three initial terms rather than forcing Plaintiff to seek recourse with the Court to

13   ensure all relevant and discoverable documents are produced. Thus, Plaintiff requests reasonable

14   attorney's fees for being forced to bring this Motion.

15                                    **VI.    CONCLUSION**

16         Defendant's continued refusal to cooperate has clearly obstructed the discovery process.

17   Courts routinely reject this type of gamesmanship, and this Court should not allow it here. Plaintiff

18   respectfully requests this Court to compel Defendant to produce all documents responsive to Plaintiff's

19   Discovery Requests and communications relevant to Plaintiff's claims, including by adopting

20   Plaintiff's search methodology, and to be awarded her reasonable attorney's fees for this Motion.

     **VII.   CERTIFICATE OF COMPLIANCE WITH LCR 37(a)(1)**

21         Plaintiff's Counsel met and conferred on January 25, 2021 regarding Defendant Sunbelt's

22   proposed ESI custodians and search terms. *See* Wong Decl., ¶ 12, Ex. H.

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 12
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    **DATED** February 4, 2021.

2                                                          **AKW LAW, P.C.**

3                                                          */s/ Ada K. Wong*
                                                           Ada K. Wong, WSBA #45936
4                                                          Jordan T. Wada, WSBA #54937
                                                           Attorneys for Plaintiff
5                                                          6100 219th St. SW, Suite 480
                                                           Mountlake Terrace, WA 98043
6                                                          Tel.: (206) 259-1259
                                                           Fax: (855) 925-9529
7                                                          E-mail: ada@akw-law.com
                                                           E-mail: jordan@akw-law.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 13
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

<u>**CERTIFICATE OF SERVICE**</u>

2

     I hereby certify that on February 4, 2021, I caused to be electronically filed the foregoing

3

document with the Clerk of the Court using the CM/ECF system, which will send notification of such

4

filing to the following:

5

     Shane P. Cramer
     Harrigan Leyh Farmer & Thomsen LLP

6

     999 Third Avenue, Suite 4400
     Seattle, WA 98104

7

     E-mail: shanec@harriganleyh.com
     *Counsel for Defendant Sunbelt Rentals, Inc.*

8

9

     Patricia J. Hill
     Yash B. Dave

10

     Smith, Gambrell & Russell, LLP
     50 North Laura Street, Suite 2600
     Jacksonville, FL 32202

11

     E-mail: pjhill@sgrlaw.com

12

     E-mail: ydave@sgrlaw.com
     E-mail: cmarsh@sgrlaw.com

13

     *Pro hac vice Counsel for Defendant Sunbelt Rentals, Inc.*

14

     Isabel Johnson
     LAW OFFICE OF ISABEL S. JOHNSON, PLLC

15

     748 Market Street #15
     Tacoma WA 98402

16

     E-mail: isabel@isjlaw.com
     *Co-Counsel for Plaintiff*

17

18

     I declare under penalty of perjury under the laws of the state of Washington that the foregoing

19

is true and correct.

20

     DATED: February 4, 2021, at Mountlake Terrace, Washington.

21

                          */s/ Kaila A. Eckert*

22

                          Kaila A. Eckert

23

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 14
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529