# EXHIBIT D

## TO THE DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES



August 20, 2020

*Sent via E-mail to shanec@harriganleyh.com; pjhill@sgrlaw.com; ydave@sgrlaw.com; cmarsh@sgrlaw.com*

Patricia J. Hill
Yash B. Dave
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202

Shane P. Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

   **RE:** *Horman v. Sunbelt Rentals, Inc., et al.*
      **Western District of Washington – Seattle | Case No. 2:20-cv-00564**
      **Meet & Confer Request – Defendant Sunbelt Rentals, Inc.'s Response to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents**

Dear Counsel:

  To help facilitate our meet and confer conference, for purposes of efficiency, and to avoid a motion to compel, I have outlined the issues I would like to discuss below.  **Please advise as to your availability within the next 7 days for a conference call.**

**INTERROGATORIES**

  We would like to meet and confer regarding your objections to: Interrogatory Nos. 1, 15, and 25.

  Please confirm whether any information was withheld based on Defendant's objections or if we have full and complete answers to: Interrogatory Nos. 1, 2, 5, 7, 8, 15, 22, 23, and 24.

  **No. 2:** Rule 26(a)(1) requires disclosure of individuals "that the disclosing party may use **to support** its claim or defenses." (emphasis added).  This Interrogatory is not duplicative of Rule 26(a)(1) in that it contains no similar restriction. Please identify any further responsive persons

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
*RE: Horman v. Sunbelt Rentals, Inc., et al. – Meet & Confer Request re Defendant's Discovery Responses*
August 20, 2020
Page 2 of 5

and identify whether each person identified is a current and/or former employee of Sunbelt and any relevant documents known to be in their possession.

**No. 3:** We are limiting the scope to disability discrimination, retaliation, and failure to accommodate.  Please supplement.

**No. 4:** Please clarify what "GBP" refers to.

**No. 6:** Please identify the reason for separation for these individuals, and if it does not apply, please confirm.

**No. 7:** This Interrogatory is limited to those who were involved with or had duties relating to employees at the location where Plaintiff worked.  We are also asking for dates of employment, reason for separation, and job description/duties and responsibilities.  Please supplement.

**Nos. 8 & 9:** These Interrogatories are limited to individuals who were involved at the location where Plaintiff worked.  It is also unclear what "relevant time period" Defendant is limiting its answer to. We are also asking for dates of employment, reason for separation, and job description/duties and responsibilities.  If any are still employed, please clarify. Please supplement.

**No. 10:** We are limiting the scope to disability (and withdrawing sex and gender).  We are requesting information as related to training, policies, procedures, and manuals as related to disability discrimination.  For instance, these documents may be in the form of training materials, memos sent out by Sunbelt, emails regarding training, or policies on disability discrimination. Please supplement.

**No. 12:** We are requesting information as related to training, policies, procedures, and manuals as related to retaliation for engaging in a protected activity.  For instance, these documents may be in the form of training materials, memos sent out by Sunbelt, emails regarding training, or policies on not retaliating against employees.  Please supplement.

**No. 13:** We are requesting information as related to training, policies, procedures, and manuals as related to accommodation for disabled employees.  For instance, these documents may be in the form of training materials, memos sent out by Sunbelt, emails regarding training or policies on accommodation, interactive process, etc.  Please supplement.

**No. 14:** We are requesting information as related to training, policies, procedures, and manuals as related to the group or division in which Plaintiff worked.  For instance, these documents may be in the form of training materials, memos sent out by Sunbelt, emails regarding training or policies on how to be a Driver 1, or Dispatcher. Please supplement.

**No. 15:** We would like to confer regarding why Defendant believes this Interrogatory is overly broad, unduly burdensome, not reasonably limited in time or scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. "Communication" is defined as "a process by which information is exchanged between individuals"; "a verbal or written

Case 2:20-cv-00564-TSZ   Document 26-4   Filed 02/04/21   Page 4 of 6

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
*RE: Horman v. Sunbelt Rentals, Inc., et al. – Meet & Confer Request re Defendant's Discovery Responses*
August 20, 2020
Page 3 of 5

message". If you disagree, we may be able to agree to your definition of "communication" per Sunbelt's First Set of Interrogatories to Plaintiff, pages 3-4. "Regarding" is defined as "with respect to", which is defined further as "with reference to"; "in relation to."

**No. 17:** We are limiting the scope to disability (not sex or gender). "Reported" is defined as: "an account or statement describing an event, situation, or the like."

**No. 18:** Plaintiff agrees to use of initials to protect privacy. We are not asking for discussion of confidential medical information, just the accommodation provided or not provided and the reasons for not providing said accommodation. "Handled" is defined as: "someone who was involved or participated in."

**No. 19:** We are asking about individuals who would be speaking agents of Defendant as related to this matter. This allows us to identify who we can and cannot directly communicate with.

**No. 20:** Upon information and belief, Defendant conducted an investigation into Plaintiff's claims that is separate and apart from any investigation it may have conducted as a result of the underlying litigation. To the extent this is true, please supplement. "Claim" and "complaint" are defined as issues or concerns raised by Plaintiff, and narrowed to claims and complaints related to disability discrimination, failure to accommodate, and retaliation.

**No. 23:** "Complaint" is defined as issues or concerns raised by Plaintiff, and narrowed to Plaintiff's complaints related to disability discrimination, failure to accommodate, and retaliation.

**No. 25:** "Considered" is defined as "thought about or decided upon with care." "Offered" is defined as "to present for acceptance or rejection; proffer; to propose or put forward for consideration."

## REQUESTS FOR PRODUCTION

We are not asking for any attorney-client or work product documents.

Please confirm whether you have withheld any responsive documents based on your objections and whether all responsive non-privileged documents have been produced for: Request Nos. 1, 2, 3, 5, 15, 18, 19, 20, 23, 24, 25, 26, 27, 33, 34, 36, and 37.

Further, many of Defendant's responses state: "Defendant agrees to produce non-privileged documents." It is unclear whether Defendant has completed its production already.

Should any responsive documents be withheld, I would like to know which ones and meet and confer on those specifically.

For objections to documents in the native form, we reserve the right to seek these files upon further review of responsive documents should they be necessary.

Case 2:20-cv-00564-TSZ   Document 26-4   Filed 02/04/21   Page 5 of 6

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
*RE: Horman v. Sunbelt Rentals, Inc., et al. – Meet & Confer Request re Defendant's Discovery Responses*
August 20, 2020
Page 4 of 5

**No. 8**: We are not seeking signed acknowledgements of all individual employees – just the acknowledgment form itself that Sunbelt distributed to employees.

**No. 9**: We are seeking responsive documents as related to Plaintiff only.

**No. 10**: We are limiting the scope to disability (and withdrawing sex and gender). We are requesting documents containing information as related to training, policies, procedures, and manuals as related to disability discrimination. For instance, these documents may be in the form of training materials, memos sent out by Sunbelt, emails regarding training, or policies on disability discrimination. Please supplement.

**No. 12**: We are requesting documents containing information as related to training, policies, procedures, and manuals as related to retaliation for engaging in a protected activity. For instance, these documents may be in the form of training materials, memos sent out by Sunbelt, emails regarding training, or policies on not retaliating against employees. Please supplement.

**No. 13**: We are requesting documents containing information as related to training, policies, procedures, and manuals as related to accommodation for disabled employees. For instance, this may be in the form of training materials, memos sent out by Sunbelt, emails regarding training, or policies on accommodation, interactive process, etc. Please supplement.

**No. 14**: We are requesting documents containing information as related to training, policies, procedures, and manuals as related to the group or division in which Plaintiff worked. For instance, this may be in the form of training materials, memos sent out by Sunbelt, emails regarding training, or policies on how to be a Driver 1 or Dispatcher. Plaintiff does not know exactly how Sunbelt categorizes its various employees. For instance, maybe Sunbelt categorizes Plaintiff to be in the "driving department" or "delivery department". However, Sunbelt characterizes this, that is what we are seeking. Please supplement.

**No. 17**: We are limiting the scope to disability (not sex or gender). "Reported" is defined as: "an account or statement describing an event, situation, or the like."

**No. 22**: We are limiting the scope to disability, failure to accommodate, and retaliation for complaining about disability discrimination and/or requesting an accommodation

**No. 23**: We are limiting the scope to disability, failure to accommodate, and retaliation for complaining about disability discrimination and/or requesting an accommodation

**Nos. 28-32**: We are limiting the scope to documents as related or stemming from disability discrimination, failure to accommodate, and retaliation. For instance, if any of the individuals were disciplined, counseled, warned, etc. for retaliating against an employee, we want those records. If they were trained regarding those three matters, we are seeking those records. If complaints were filed against them or they were investigated because of allegations of any of these three matters, we are also seeking those records. We hope this makes clear what we are seeking.

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
*RE: Horman v. Sunbelt Rentals, Inc., et al. – Meet & Confer Request re Defendant's Discovery Responses*
August 20, 2020
Page 5 of 5

We are agreeable to Sunbelt's definition of "document" as found on pages 2-3 of Sunbelt's First Set of Requests for Production to Plaintiff: "'Document' refers to and includes, but is not limited to, all writings of any kind, including the original and all non-identical copies (whether different from the original by reason of notations made on such copies or otherwise) of all letters, e-mails, telegrams, memoranda, reports, forms, studies, calendar or diary entries, pamphlets, notes, charts, diagrams, plans, tabulations, proposals, minutes and records of meetings, conferences and telephone or other communications, and every other type of data compilation, including all forms of machine or computer storage or retrieval in the possession, custody or control of Plaintiff or her representatives, agents, or attorneys, whether tentative, preliminary or final."

**No. 35:** We are seeking documents as related to any policies or procedure Sunbelt has in place regarding retention or keeping of employee's e-mail accounts during said time period. Please supplement.

**CONCLUSION**

I hope that this letter clarifies the outstanding discovery issues in this case. In an effort to avoid further bothering the Court, I look forward to working together professionally to resolve these discovery issues as soon as possible. If you prefer to provide a written response, please advise.

    Sincerely,

    **AKW LAW, P.C.**

    **Ada K. Wong**
    Attorney at Law
    ada@akw-law.com
    (206) 886-7886

Cc:    AKW/JTW/kae