1         THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILLIAN HORMAN, an individual,

    Plaintiff,

v.

SUNBELT RENTALS, INC., *et al.*,

    Defendants.

Case No. 2:20-cv-00564 TSZ

**PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT COMMUNICATIONS PURSUANT TO LCR 5(g)**

**NOTE ON MOTION CALENDAR: February 19, 2021**

## I.    RELIEF REQUESTED

Plaintiff Jillian Horman respectfully requests an order to file redacted copies of Defendant Sunbelt Rentals Inc.'s Notice of Removal [Dkt. # 1, p. 4, ¶ 15], the Declaration of Patricia J. Hill ("Hill Declaration") [Dkt. # 3, p. 2, ¶¶ 3-5], and Exhibits B and C to the Hill Declaration [Dkt. ## 3-2; 3-3]. These documents all undisputedly pertain to confidential settlement communications. Trial is set for August 30, 2021. Plaintiff fully anticipates this case to be tried in front of a jury of her peers and wishes for a fair trial without any juror potentially being tainted by prior settlement communications. Allowing defense to wholesale file settlement communications will deter parties from engaging in good faith negotiations and free exchange of information for all cases.

PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT
COMMUNICATIONS PURSUANT TO LCR 5(g) - 1
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## II. FACTUAL BACKGROUND

Prior to being forced to file a lawsuit, Plaintiff engaged in confidential settlement communications with Defendant, including making a confidential settlement offer, privileged under Federal Rule of Evidence 408 and Washington Evidence Rule 408. Declaration of Ada K. Wong, ¶ 2 ("Wong Decl."). On April 14, 2020, Defendant filed its Notice of Removal and the Hill Declaration, both of which refer to Plaintiff's confidential settlement communications and include the settlement offer amount. Dkt. # 1, p. 4, ¶ 15; Dkt. # 3, p. 2, ¶¶ 3-5.

The Hill Declaration attached an unredacted version of Plaintiff's confidential settlement letter as Exhibit B. Dkt. # 3-2. The letter is prefaced by asserting: "**CONFIDENTIAL DOCUMENT FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO ER 408**." It also clearly states: "These materials are submitted **solely for settlement purposes**," and concludes by inviting Defendant to "explor[e] a mutually agreeable resolution." *Id.* Defendant does not dispute these are private, settlement communications subject to FRE/ER 408.

The Hill Declaration also attached Plaintiff's e-mail communication relaying a confidential settlement offer amount as Exhibit C. Dkt. # 3-3. Plaintiff's e-mail communication is prefaced with "ER 408 COMMUNICATION" and presents an offer of resolution at that time, which expired in 2019.

Citing *Cohn v. PetSmart, Inc.*, Defendant asserted that the Rule 408 privilege is not violated when used only to demonstrate the jurisdictional amount. 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). Plaintiff never contested that this case meets the jurisdictional amount threshold. Counsel met and conferred on May 28, 2020 regarding Plaintiff's request for Defendant to redact these clearly confidential settlement communications. Wong Decl., ¶ 3. Wong explained that there is a possibility a juror might, despite instruction otherwise, research this case and

PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT
COMMUNICATIONS PURSUANT TO LCR 5(g) - 2
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  see these settlement communications, which would be prejudicial for Plaintiff as the offer to settle

2  pre-litigation has expired and the amount Plaintiff seeks at trial will be for a full value of her case, not

3  a discounted amount for purposes of early resolution pre-litigation. *Id.* at ¶ 4. Defense counsel

4  responded, "Defendant does not oppose Plaintiff filing a motion with the court requesting that the

5  court redact the settlement demand" and consented to have Plaintiff "file an unopposed motion."

6  Wong Decl., ¶ 5, Ex. A.

7  Plaintiff waited until closer in time to trial before filing this motion to not bother this Court in

8  the event the parties were able to reach a resolution. The parties have not. Plaintiff presents proposed

9  redacted documents to replace Dkt. # 1, p. 4, ¶ 15, and Dkt. # 3, p. 2, ¶¶ 3-5, Dkt. #3-2, and Dkt. #3-3

10 in the public record. Wong Decl., ¶ 5, Exs. B-E.

11 The settlement communications, including the unredacted settlement offer amount, remain in

12 the public record and is accessible by potential jurors, who would be influenced by its contents,

13 violating the purpose of Federal Rule of Evidence 408.

14 **III.  EVIDENCE RELIED UPON**

15 In support of this Motion, Plaintiff Jillian Horman relies upon the following:

16 1.  The Declaration of Ada K. Wong and the attachments thereto; and

17 2.  The files and pleadings herein.

18 **IV.  STATEMENT OF ISSUES**

19 **1.**  Whether the Court should allow for redaction of Plaintiff's confidential settlement

20 communications.

21 **V.  AUTHORITY AND ANALYSIS**

22 **A.  Legal Principles**

23 Federal Rule of Evidence 408 provides in relevant part:

PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT
COMMUNICATIONS PURSUANT TO LCR 5(g) - 3
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim . . .

Fed. R. Evid. 408(a). "Rule 408 prohibits not just an offer of settlement but ***any preliminary settlement discussions***." *Universal Stabilization Techs., Inc. v. Advanced Bionutrition Corp.*, Case No. 17cv87-GPC(MDD), 10 (S.D. Cal. Aug. 21, 2018) (citing Fed. R. Evid. 408(a)(2) (emphasis added)).

A party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard under Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("good cause" includes "oppression, or undue burden."). A showing of "good cause" generally signifies a sound basis or legitimate need to take judicial action. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

**B.     Plaintiff Shows Good Cause that Her Confidential Settlement Communications Should Be Redacted from Public Disclosure**

Plaintiff requests redaction of confidential settlement communications only. Under Local Rule 5(g), "Parties must protect sensitive information by redacting sensitive information (including, ***but not limited to***, the mandatory redactions of LCR 5.2)." LCR 5(g)(1)(B) (emphasis added). Because Local Rule 5(g) addresses sealing and redaction together, Plaintiff will analyze this request under a "good cause" motion to seal standard. Pursuant to Local Rule 5(g)(3)(B), a "good cause" showing to protect sensitive information must include an explanation of the following:

> i. the legitimate private or public interests that warrant the relief sought;
>
> ii. the injury that will result if the relief sought is not granted; and
>
> iii. why a less restrictive alternative to the relief sought is not sufficient.

PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT
COMMUNICATIONS PURSUANT TO LCR 5(g) - 4
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1. **Legitimate Public and Private Interests Warrant Redaction**

Plaintiff's private interest in a fair trial and the public interest of encouraging open settlement negotiations between parties warrant redaction of Dkt. ## 3-2 and 3-3. "[T]he need for confidentiality of settlement negotiations is without dispute." *E.E.O.C. v. ABM Indus., Inc.*, No. 1:07-cv-01428 LJO JLT, 2010 WL 582046 at *1 (E.D. Cal. 2010). It is well established that settlement communications are privileged and to be treated in a confidential manner to promote "the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408 Advisory Committee's Note (citing McCormick on Evidence §§ 76, 251 (2nd ed. 1972)); *see also Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654 (4th Cir. 1988) ("The public policy of favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussions.").

Courts have consistently applied Rule 408 liberally to prohibit disclosure of settlement negotiations. *See, e.g., Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 828 (2d Cir. 1992); *Kennon v. Slipstreamer*, Inc., 794 F.2d 1067, 1069 (5th Cir. 1986). Such a liberal application of Rule 408 furthers the strong public policy of encouraging settlements and avoiding expensive and wasteful litigation. *Cf. United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 857 (2d Cir.1998) (approving the sealing of settlement documents and drafts because, *inter alia,* the court has a responsibility to facilitate and encourage settlements).

Here, Plaintiff has a strong interest in redacting her confidential settlement letter and offer of compromise to ensure a fair trial before an impartial jury. Plaintiff, and the public at large, must not be made to forfeit their right to confidential settlement communications merely because the case may be removed to or filed in federal court. The public's narrow interest in accessing Plaintiff's confidential settlement communications is far outweighed by the public policy behind Rule 408.

2. **Injury Will Result If the Settlement Communications are Not Redacted**

PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT COMMUNICATIONS PURSUANT TO LCR 5(g) - 5
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1     Plaintiff's confidential and privileged settlement communications should be redacted because
2 the public's access to her unredacted settlement communications jeopardizes her right to a fair trial.
3 *See Huang v. Behpour,* No. 11–cv–00456–SOM, 2012 WL 3201952, at *1 (D.Haw. 2012) (ordering
4 the immediate sealing of a settlement communication because of "a compelling need to protect
5 settlement offers").

6     There can be no good faith reason for settlement information to remain public. On the contrary,
7 if this information were to remain unredacted and available to the public, it will Plaintiff significant
8 harm at trial. Plaintiff will suffer extreme prejudice if the jurors come to know these confidential
9 settlement communications. Consciously or unconsciously, they will inappropriately tie the initial
10 statements and offer amount to the validity and value of her case at trial. The amount of Plaintiff's
11 initial settlement offer amount is a reflection of a proposed compromise and does not reflect the
12 remedies Plaintiff will seek at trial. Furthermore, such offer amount could it ever be used by defense
13 counsel to argue a "floor" for an amount the jury should award. *See United states v. Contra Costa*
14 *County Water Dist.*, 678 P.2d 90, 92 (9th Cir. 2982) (holding settlement negotiations inadmissible to
15 show damages under FRE 408). The threat is imminent so long as these documents remain unredacted.

16     Furthermore, Plaintiff's confidential settlement letter, Dkt. # 3-2, outlines in great detail
17 Plaintiff's case before discovery was commenced. This *entire* letter is protected by Rule 408(a)(2).
18 Plaintiff will suffer extreme prejudice if the jurors come to know these confidential settlement
19 communications by inappropriately relying on an initial characterization of her claims before evidence
20 is presented. Plaintiff's litigation strategies and settlement practices are matters which Plaintiff
21 explicitly sought to maintain confidential.

22     It is self-evident that the assurance of confidentiality in communications made during the
23 course of settlement negotiations is a critical component of dispute resolution, particularly, as here, in

**PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT COMMUNICATIONS PURSUANT TO LCR 5(g) - 6**
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1 the event that settlement discussions do not resolve the dispute. Plaintiff must be able to litigate her

2 claims at trial without fear that her confidential negotiation statements are publicly accessible,

3 including to the jurors. Moreover, forthright exchange will never be achieved between the parties in

4 the future with the threat of settlement communications being used to Plaintiff's detriment in later

5 court proceedings. *See Princton Ins. Co. v. Vergano*, 883, A.2d 44, 63-64 (Del. Ch. 2005).

### 3. Less Restrictive Relief is Insufficient

7 A less restrictive alternative to redacting is not sufficient to protect the public's strong interest

8 in maintaining confidential settlement communications and Plaintiff's injuries that will result if such

9 communications are not redacted. Plaintiff's settlement communications are frank, detailed, and a free

10 exchange of information which were intended for the edification of the opposing party, not for jurors.

11 Here, the fundamental issue of fairness at stake and Plaintiff's settlement communications should be

12 given the utmost protection. *See Hunt*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing

13 the *entirety* of a declaration and attached exhibits revealing a settlement offer letter) (emphasis added).

14 There is simply no alternative to redacting that will not prejudice Plaintiff.

## VI. CONCLUSION

16 For these reasons, Plaintiff respectfully requests that the Court grant her Motion and allow

17 replacement of Dkt. # 1, p. 4, ¶ 15, and Dkt. # 3, p. 2, ¶¶ 3-5, Dkt. #3-2, and Dkt. #3-3 with the

18 proposed redacted versions presented as Exhibits B, C, D, and E to the Wong Declaration.

## VII. CERTIFICATE OF COMPLIANCE WITH LCR 5(g)(3)(A)

20 Plaintiff's counsel, Ada K. Wong, certifies that on May 28, 2020, she met and conferred with

21 defense counsel via telephone conference. Wong attempted to reach a stipulation, but defense counsel

22 only agreed to Plaintiff filing an unopposed motion. As such, this motion follows. Wong Decl., ¶¶ 3-

23 5.

**PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT COMMUNICATIONS PURSUANT TO LCR 5(g) - 7**
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1 | **DATED** February 4, 2021.

2 |                          **AKW LAW, P.C.**

4 |                          */s/ Ada K. Wong*
Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937
Attorneys for Plaintiff
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com

---

**PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT COMMUNICATIONS PURSUANT TO LCR 5(g) - 8**
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Shane P. Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
E-mail: shanec@harriganleyh.com
*Counsel for Defendant Sunbelt Rentals, Inc.*

Patricia J. Hill
Yash B. Dave
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
E-mail: pjhill@sgrlaw.com
E-mail: ydave@sgrlaw.com
E-mail: cmarsh@sgrlaw.com
*Pro hac vice Counsel for Defendant Sunbelt Rentals, Inc.*

Isabel Johnson
LAW OFFICE OF ISABEL S. JOHNSON, PLLC
748 Market Street #15
Tacoma WA 98402
E-mail: isabel@isjlaw.com
*Co-Counsel for Plaintiff*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: February 4, 2021, at Mountlake Terrace, Washington.

*/s/ Kaila A. Eckert*
Kaila A. Eckert

---

**PLAINTIFF'S MOTION TO REDACT CONFIDENTIAL SETTLEMENT COMMUNICATIONS PURSUANT TO LCR 5(g) - 9**
Case No. 2:20-cv-00564 TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529