UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILLIAN HORMAN,

            Plaintiff,

   v.

SUNBELT RENTALS INC.,

            Defendant.

C20-564 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge, and addresses Plaintiff Jillian Horman's Motion to Compel Discovery Responses and for Attorney's Fees, docket no. 25:

     (1)    In June 2020, Horman served Defendant Sunbelt Rentals Inc. with her First Interrogatories and Requests for Production ("RFP"). Wong Decl. (docket no. 26 at 1–2). Sunbelt served its responses and objections the following month. Exs. C & D to Dave Decl. (docket nos. 31-3 & 31-4). Sunbelt objected to Interrogatory 15 "on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time or scope, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." Ex. D to Dave Decl. (docket no. 31-4 at 18).

     In August 2020, Horman sent Sunbelt a letter outlining alleged deficiencies in Sunbelt's discovery responses. Ex. D to Wong Decl. (docket no. 26-4). Sunbelt responded the following week maintaining its objections. Ex. F to Dave Decl. (docket no. 31-6). The parties then met and conferred on October 8, 2020 to discuss their disagreements about the discovery. Wong Decl. (docket no. 26 at 3). Regarding Interrogatory 15, Sunbelt agreed to conduct additional searches for electronically stored information ("ESI") using the terms: "Horman" and "retaliation," "discrimination," and accommodation." Ex. H to Dave Decl. (docket no. 31-8 at 2). These searches yielded 19

MINUTE ORDER - 1

pages of relevant, not previously produced communications, which Sunbelt sent to Horman on December 3, 2020.  Dave Decl. (docket no. 31 at 4).

On January 14, 2020, Horman sent another letter to Sunbelt regarding discovery. Ex. G to Wong Decl. (docket no. 26-6).  Horman's attorneys stated that, as the previous additional searches produced additional documents, "[c]areful review of these e-mails reasonably leads us to believe that additional e-mails likely exist related to [Horman's] reasonable accommodation . . . and discrimination . . . claims."  Id. at 4.  Horman proposed supplemental ESI searches with the following terms:

"Jillian"; Horman" **AND**
- Terminat*; Separat*; Fire*; Quit; Severance; Release; sign*; letter
- Abandon; call; show; notice; noti*
- Blood pressure; Doc*; Physician; BP; letter; note; 8 hr*; 8 hours; Billett; Evergreen*
- Leave; attendance; absence*; Back to work; schedule*
- Reasonable; appointment

"Dispatch*"; "Driver*" **AND**
- Terminat*; Separat*; Fire*; Quit; Severance; Release; sign*; letter
- Abandon; call; show; notice; noti*
- Blood pressure; Doc*; Physician; BP; letter; note; 8 hr*; 8 hours; Billett; Evergreen*
- Leave; attendance; absence*; Back to work; schedule*
- Reasonable; appointment

Id. at 5.  Horman requested that Sunbelt perform the searches for seven custodians and set a time limitation of January 1, 2019 to June 30, 2019.  Id.  On January 25. 2020, Sunbelt told Horman that it would not perform the additional searches.  Dave Decl. at 4–5.

(2)     In Horman's Reply, docket no. 34, she modified her request and seeks ESI searches with only the following terms: "Jillian; Horman **AND** Terminat*; Separat*; Fire; Quit; Severance; Release; sign; letter; abandon; call; show; notice; notify; blood pressure; Doctor; Doc; Physician; BP; note; 8 hrs; 8 hours; Billett; Evergreen*; leave; attendance; absence*; back to work; schedul*; reasonable; appointment."  Reply at 3. Horman's request, however, is vague, overly broad, unduly burdensome, and not proportional to the needs of the case.  The parties are DIRECTED to meet and confer within seven (7) days of this Minute Order and to agree on ten (10) search terms that Sunbelt will conduct in conjunction with "Jillian; Horman."  The search must be limited to the time period between January 1, 2019 and June 30, 2019.  The search must also be limited to the custodians identified in Horman's Reply, namely:  Perry Cook (perry.cook@sunbeltrentals.com), Brent Johnson (pcm351@sunbeltrentals.com), Lee

MINUTE ORDER - 2

Reed (lee.reed@sunbeltrentals.com), Mariana Troy (mariana.stout@sunbeltrentals.com; mariana.troy@sunbeltrentals.com), Vicky Gibson (vicky.gibson@sunbeltrentals.com), and Margarita Gensler (margarita.gensler@sunbeltrentals.com), and Jillian Horman (jillian.horman@sunbeltrentals.com; jillymarie84@icloud.com; jillian.horman@gmail.com).  Once the parties reach an agreement, Sunbelt shall have ten (10) days to conduct the additional ESI searches and produce to Horman any additional relevant and not previously produced documents.

(3) If the parties cannot reach an agreement on the additional ESI search terms, they are to notify the Court immediately to set up a telephonic conference to resolve the remaining disputes.

(4) In conclusion, Horman's Motion to Compel, docket no. 25, is DENIED in part and GRANTED in part, as explained in paragraph 2.  The record reflects that both parties have acted in good faith regarding their efforts to resolve discovery disputes.  Accordingly, the Court DENIES both parties' requests for an attorney's fees award.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 5th day of March, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 3