THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JILLIAN HORMAN, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>SUNBELT RENTALS, INC., *et al.*<br><br>                    Defendants. | Case No. 2:20-cv-00564-TSZ<br><br>**PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>**NOTE ON MOTION CALENDAR:**<br>Friday, April 30, 2021<br><br>Without Oral Argument |

## I.    RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Jillian Horman respectfully moves for an order compelling Defendant Sunbelt Rentals, Inc. ("Sunbelt") to provide complete responses to Plaintiff's Second Set of Requests for Production, specifically Request Nos. 18, 19, 24, and 37, which encompass evidence of Plaintiff's essential job functions, the personnel files of comparators, and other comparator evidence, with reasonable limitations.  Because Defendant has unreasonably opposed these requests, Plaintiff also respectfully requests this Court to award reasonable attorney's fees.

## II.    RELEVANT BACKGROUND

**A.    Background**

Plaintiff Jillian Horman worked as a Driver for Defendant Sunbelt from June 2018 to April

**AKW LAW, P.C.**
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   2019. *See* Dkt. # 22 [Am. Compl.], ¶¶ 11-12.  Plaintiff was the only female driver at her location, and

2   District Manager Perry Cook told Plaintiff that she was unfit for her job.  *Id.* ¶¶ 20-21.  Service Center

3   Manager Brent Johnson later punished Plaintiff for a minor accident and declined to punish a male co-

4   worker for a similar incident.  *Id.* at ¶¶ 67-72.  When Plaintiff was hired, she was not required to work

5   more than eight hours per day.  *Id.* at ¶ 15.  In April 2019, Plaintiff requested a disability

6   accommodation related to a diagnosed elevated blood pressure condition and provided a letter from

7   her physician, stating she "should not work more than 8 hours per day."  *Id.* at ¶¶ 100-101.  Defendant

8   refused to accommodate Plaintiff and fired her, culminating in Brent Johnson telling her to take her

9   pants off in front of him. *Id.* at ¶¶ 115, 148-151, 154.  Plaintiff brings claims for disability

10  discrimination, failure to accommodate, retaliation, and hostile work environment because of sex.

11  **B.      The Parties' Meet and Confer Efforts Have Narrowed the Requests In Dispute**

12          On January 12, 2021, Plaintiff served Sunbelt with Plaintiff's Second Set of Requests for

13  Production to Defendant Sunbelt Rentals, Inc. ("Plaintiff's Second Requests").  *See* Declaration of

14  Ada K. Wong ("Wong Decl."), Ex. A.  Defendant served Answers and Objections to Plaintiff's Second

15  Requests on February 11, 2021.  *Id.* at Ex. B.  Plaintiff's counsel detailed deficiencies with these

16  responses in letters dated February 23, 2021.  *Id.* at Ex. C.  The parties initially met and conferred on

17  February 26, 2021. *Id.* at ¶ 5, Ex. D.  They resumed and completed the discovery conference on March

18  4, 2021.  *Id.* at ¶ 6, Ex. E.   In light of the Court's March 16, 2021 order (Dkt. # 48), on March 18,

19  2021, Plaintiff's counsel sent Defendant's counsel a letter following up on her March 4, 2021 letter.

20  *Id.* at Ex. F.  On March 29, 2021, Defendant's counsel sent Plaintiff a letter summarizing its view of

21  the discovery conferences.  *Id.* at Ex. G.  On April 5, 2021, Plaintiff's counsel sent defense counsel a

22  letter with further clarifications and corrections.  *Id.* at Ex. H.  On April 8, 2021, defense counsel sent

23  Plaintiff a letter further summarizing its view of the discovery conferences.  *Id.* at Ex. I.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 2
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

The parties were able to reach agreement on a majority of Defendant's deficient responses. However, the parties could not resolve the issues for Plaintiff's Second Requests Nos. 18, 19, 24, and 37. *Id.* at Exs. E, H & I. Thus, there remains these four Requests where, despite repeated efforts for resolution, Defendant refuses to produce highly relevant documents that are solely in its possession.

A summary of Plaintiff's Second Requests, Defendant's objections and answers, and meet and confer efforts is detailed in Exhibit J to Wong's Declaration, and is hereby incorporated by reference. Pertinent to this motion are Requests for Production Nos. 18 (employee records for those working more than 8 hours per day), 19 (employee records for those in the same or similar position as Plaintiff), 24 (employee records who requested a leave of absence and separated from Sunbelt), and 37 (HR records for accommodations of a reduced schedule or working no more than 8 hours per day). *See id.* at Ex. A. The categories of documents Plaintiff seeks is narrowly tailored to the last 5 years and Washington state (Request No. 19 is further limited), yet Defendant refuses to produce these documents. This Court, in its March 16, 2021 Order has found that Defendant's Profit Centers in Washington State comprised the proper geographic scope for questioning a Rule 30(b)(6) witness regarding disability accommodation requests between January 1, 2018 to April 26, 2019. Dkt. # 48. Washington state is likewise a reasonable geographic scope for Request Nos. 18, 24, and 37.

In sum, Defendant has flatly refused to produce key categories of evidence that are the subjects of this motion. As such, this Motion follows.

### III.    ISSUES PRESENTED

1.    Whether this Court should issue an order compelling Defendant to comply with Federal Rule 34 and produce responsive documents to Plaintiff's Second Requests; and

2.    Whether this Court should award reasonable attorney's fees to Plaintiff.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 3
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## IV.   <u>EVIDENCE RELIED UPON</u>

In support of this Motion, Plaintiff relies upon the following:

1.      The Declaration of Ada K. Wong, and the attachments thereto; and

2.      The files and pleadings herein.

## V.   <u>AUTHORITY AND ARGUMENT</u>

**A.      Motion to Compel Standard**

Parties are required to produce responsive documents that are in their "possession, custody or control" in response to a valid discovery request.  Fed. R. Civ. P. 34(a)(1); *see also* Fed. R. Civ. P. 26(b)(1) ("[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .").  "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control."  *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006).

Where a party fails to respond to discovery as provided in the Federal Rules, the propounding party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).[1]  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Lauer v. Longevity Med. Clinic PLLC*, C13-0860-JCC, 2014 WL 5471983, at *3 (W.D. Wash. Oct. 29, 2014) (quoting *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal.

---

[1] Fed. R. Civ. P. 27(a)(3)(A)-(B) provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer in interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 4
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1997)).  This "burden is a heavy one in employment discrimination lawsuits, where discovery rules are construed liberally so as to provide the plaintiff with broad access to the employers' records." *Washington v. Matheson Flight Extenders, Inc.*, C17-1925-JCC, 2019 WL 1957710, at *2 (W.D. Wash. May 2, 2019) (quoting *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 643 (1989)).  A party's failure to provide complete responses is treated as a failure to respond.  Fed. R. Civ. P. 37(a)(4).

**B.      Plaintiff is Entitled to Records that Establish Essential Job Functions and How Defendant Treated Similar Scheduling Requests (No. 18).**

Request for Production No. 18 seeks documents requesting or requiring Defendant's non-exempt employees to work more than eight hours per day and/or overtime in the last five years in Washington state.  Defendant identified one document produced in response to this request.  *See* Wong, Ex. K.  However, this document only shows the regular schedules of 5 drivers at the Redmond location without showing any requirement or request to work more than 8 hours on any particular day or time period.  Defendant asserts its response is complete, but it has not produced any documents requesting or requiring non-exempt employees to work more than 8 hours per day and/or overtime.

Request No. 18 is highly relevant to Plaintiff's disability discrimination and failure to accommodate claims for two reasons.  First, while Defendant's lone document in response to this request shows a regular 8-hour schedule for drivers, it contends that working up to 12 hours per day is an essential job function of Plaintiff's Driver job.  Second, whether other employees were provided similar accommodations that Plaintiff requested (not working more than 8 hours per day), is highly relevant to her discrimination and retaliation claims.  It is undisputed that Plaintiff requested this accommodation and Defendant refused to accommodate Plaintiff.

These documents are highly relevant to show whether Defendant treated employees outside of a protected class differently with respect to scheduling and overtime requirements, which in turn is

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 5
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   relevant to ascertain Defendant's discriminatory or retaliatory motive or intent.  *See EEOC v. Farmer*

2   *Bros. Co.*, 31 F.3d 891, 899-01 (9th Cir. 1994) (discussing at length the employer's treatment of other

3   employees to determine whether the district court properly found for Plaintiff on her Title VII claim).

4   These documents are also highly relevant to demonstrate pretext.  In response to Plaintiff's request to

5   work no more than eight hours per day, Defendant's response included the following: "we don't allow

6   for restricted schedules … [and] 8 hours is too restrictive[,]"  and Plaintiff "must be able to drive 12

7   hours daily for her job."  Wong Decl., Ex. L.  Without any production of a bright-line policy

8   (Defendant has not produced one), the only means for Plaintiff to test the veracity of these statements

9   and examine whether Plaintiff was treated differently than employees outside of a protected class is to

10  review how Defendant responded to other employees who made the same or similar request.

11      Defendant has flatly refused to produce any responsive documents to this request, contending

12  in a discovery conference that it would be overly burdensome to collect responsive documents.  Wong

13  Decl., Ex. D, p. 4. However, "[j]ust because complying with a discovery request will involve expense

14  or may be time consuming, does not make it unduly burdensome." *Cancino Castellar v. McAleenan*,

15  3:17-CV-491-BAS-AHG, 2020 WL 1332485, at *6 (S.D. Cal. Mar. 23, 2020) (quoting *Jackson v.*

16  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 529 (D. Nev. 1997); *see also Fagan v. Dist. Of*

17  *Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991) ("Plaintiffs should not suffer if the information is not easily

18  accessible because defendants have an inefficient filing system."); *EEOC v. Citicorp Diners Club*, 985

19  F.2d 1036, 1040 (10th Cir. 1993) (to show discovery is unduly burdensome, "the employer must show

20  that compliance would unduly disrupt and seriously hinder normal operations of the business.").

21  Because Defendant's objections have no merit, the responsive documents should be produced.

22  **C.    Plaintiff is Entitled to Personnel Records of Similarly Situated Employees (No. 19)**

23      Request for Production No. 19 requests personnel files of all similarly situated employees

(Drivers) who worked at Defendant's Redmond location from June 1, 2018 to present.  Defendant produced offer letters, job descriptions, work schedules, and written discipline for four Drivers. Defendant has not produced the remaining requested documents in the four drivers' files, including reported time blocks, records of verbal warnings, written warnings, investigations, and communications with third parties regarding unemployment benefits.  Defendant has not produced documents from the personnel files of any other Driver employed at the Redmond location.

Defendant's objection that collecting the requested personnel files is unduly burdensome has no merit.  Defendant has produced these documents as they pertain to Plaintiff, demonstrating it has access to these records.  Information such as an employee's work hours, overtime, schedule, accommodation requests, disciplinary actions, complaints, investigations, evaluations, and reasons for termination, are reasonably likely to lead to admissible evidence.  This type of information is particularly probative in employment cases because differences in treatment of similarly situated employees are key evidence in determining whether discrimination or retaliation occurred.  *See Smothers v. Solvay Chemicals, Inc*., 740 F.3d 530, 539 (10th Cir. 2014) (In an FMLA retaliation case, a plaintiff may show pretext by providing evidence that he was "treated differently from other similarly-situated employees who violated work rules of comparable seriousness"); *see also Winarto v. Toshiba American Electrics Components, Inc.*, 274 F.3d 1276, 1297 (9th Cir. 2001).  Here, Plaintiff alleges that she was treated differently because of her disability.  Defendant claims that Plaintiff, though generally scheduled to work eight hours per day, must be available to work up to 12 hours per day.  Wong Decl., Ex. M.  Whether Defendant requires this from its other Drivers will help establish the essential functions of the job and demonstrate discriminatory intent and motive.

The same is true for investigations, evaluations, disciplinary actions, complaints, and reasons for termination, all of which are hotly contested issues in this case.  Defendant claims that it fully

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 7
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   investigated Plaintiff's complaint, held Plaintiff to the same disciplinary standards as other Drivers,

2   and had a legitimate, non-retaliatory reason for terminating Plaintiff.  Whether Defendant treated other

3   Drivers differently with respect to similar actions is critical.  *See Kellher v. Fred Meyer Stores, Inc.*,

4   302 F.R.D. 596, 598 (E.D. Wash. 2014) (Plaintiff may show pretext by presenting evidence that she

5   was treated differently from other similarly situated employees who violated work rules of

6   comparable seriousness).  Without the personnel files of other Drivers at the same location, Plaintiff

7   cannot test the veracity of Defendant's claims or demonstrate internal inconsistencies of Defendant's

8   handling of similar circumstances.  *See id.* (recognizing the appropriateness of comparator evidence

9   to demonstrate internal inconsistency of defendant's handling of similarly situated employees).

10          Accordingly, in employment cases, courts routinely require defendants to produce personnel

11  files of comparators.  *See Lauer*, 2014 WL 5471983, at *5 (finding non-party personnel files requested

12  by Plaintiff for employees outside protected group are relevant and discoverable under this

13  "comparator" category of discrimination evidence); *Ragge v. MCA/Universal*, 165 F.R.D. 601, 604

14  (C. D. Cal. 1995) (concluding that personnel files are discoverable in employment cases because they

15  are relevant to the employer's knowledge of adverse treatment, credibility of witnesses, and provide a

16  means to compare statements made in depositions to documents maintained by the employer); *Satchell*

17  *v. Fedex Express*, 2006 WL 2884318, at *9 (N.D. Cal. 2006) (holding that defendant shall produce

18  paper personnel files for all of the comparators identified by the employer).

19          Plaintiff seeks only the files of a narrow set of comparators: employees in the same or similar

20  position (Drivers), employed at the Redmond location, who are subject to the same policies and

21  standards, and have the same or similar job duties.  Furthermore, the Drivers whose files are subject

22  to this Request were/are managed by Perry Cook, and for the exception of the first five months of

23  Plaintiff's employment, all Drivers were/are supervised by Center Manager Brent Johnson.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 8
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

All personnel records requested by Plaintiff should be produced.  Although Defendant has produced parts of four personnel files of similarly situated employees, Defendant is not entitled to pick and choose which Drivers' personnel files should be produced or what parts of personnel files they think are relevant to Plaintiff's claims.  *Lauer*, 2014 WL 5471983, at *4 (citing *Ladson v. Ulltra East Parking Corp.*, 164 F.R.D. 376, 377-78 (S.D.N.Y 1996)).  Further, any burden in producing these documents is extremely low.  Based on Defendant's previous production of an employee list, only five Drivers are employed at the Redmond location at one time.  *See* Wong Decl., Ex. N.

Finally, the parties have entered into a Stipulated Protective Order.  Dkt. # 40.  To the extent Defendant has legitimate privacy concerns on behalf of third parties, the Stipulated Protective Order will address those concerns. *See Michell v. Fishbein*, 227 F.R.D. 239, 253 (S.D.N.Y. 2005) (ordering production of personnel records and imposing a confidentiality order); *see also Ragge*, 165 F.R.D. at 604-06 (even if a privacy interest is involved, that interest can give way in discovery to countervailing interests that compel disclosure, such as personnel files).

## D.   Plaintiff is Entitled to Motive and Intent Evidence Regarding Other Employees Who Took a Leave of Absence and Were Separated Within Six Months (No. 24).

Request for Production No. 24 requests records of employees who took or requested a leave of absence <u>and</u> who separated from employment at Defendant Sunbelt within six months of their initial request for leave.  It seeks documents from Washington state for the last five (5) years.  Defendant has refused to produce documents responsive to this Request.  *See* Wong Ex. E, pp. 2-3.  In employment discrimination cases, "'*pattern and practice*' evidence is both discoverable and admissible to prove discriminatory intent."  *Lauer*, 2014 WL 5471983, at *4.

Here, Plaintiff was placed on leave on April 10, 2019.  *See* Wong Ex. L.  Within two weeks, her employment was ended.  Records regarding Defendant's treatment of other employees who were

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 9
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

on leave and subsequently separated from their employment with Defendant within six months of their initial leave request are highly relevant to Plaintiff's claims of disability discrimination and retaliation. These documents are relevant to ascertain Defendant's discriminatory intent, to demonstrate pretext, and show repeat conduct by Defendant. *See Kelleher*, 302 F.R.D. at 599 (ordering employer in a discrimination case to identify and produce associated personnel files of other employees who had requested or took the same leave as plaintiff) (*citing Farmer Bros. Co.*, 31 F.3d at 899-901 (discussing at length the employer's treatment of other employees to determine whether the district court properly found for Plaintiff on her Title VII claim)).  Further, ascertaining whether discrimination occurred in other employment decisions made by Defendant provides evidence of motive, which is relevant to the decision to terminate Plaintiff. *See Estes v. Dick Smith Ford Inc.*, 856 F.2d 1097, 1104 (8th Cir. 1988) (holding that evidence of prior acts of discrimination is relevant to an employer's motive in discharging a plaintiff, even where it does not establish discriminatory animus by itself).

**E.      Plaintiff is Entitled to Records Showing How Defendant Treated Other Employees in Plaintiff's Protected Class (No. 37).**

Request for Production No. 37 requests records of Defendant granting a disability accommodation request related to working a reduced schedule or not more than eight hours per day for the last five years in Washington.  It is similar in subject matter to Plaintiff's Rule 30(b)(6) Topic No. 40, which this Court has considered and allowed to go forward with modifications and a geographic scope of Washington state.  Dkt. # 48.  Plaintiff directed Defendant to the Court's order, but Defendant refused to agree to a scope of Washington state for this Request, agreeing only to produce documents for the Redmond location.  Wong Ex. G, p. 2, Ex. I, p. 2.  This District recognizes that "documents related to Defendant's employees who sought an accommodation and were granted one," are "relevant comparator evidence." *Matheson Flight Extenders, Inc.*, 2019 WL 1957710, at *2.

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Defendant's demand to limit the scope to only the Redmond location when Mr. Johnson was

2    the manager ignores the fact that numerous employees were involved in the decision to deny Plaintiff's

3    accommodation request, including the District Manager and at least three HR employees.  *See Walech*

4    *v. Target Corp.*, C11-254 RAJ, 2012 WL 1068068, at *8 (W.D. Wash. Mar. 28, 2012) (finding

5    comparator evidence was relevant from the 24 Target stores within the 3 geographic districts for which

6    the HR manager in question was responsible).  Limiting the scope to one location when Mr. Johnson

7    was the manager deprives Plaintiff documents showing differential treatment by the District Manager

8    and Human Resources personnel who were responsible for a broad geographic territory, whose

9    conduct is at issue.  It deprives Plaintiff of intent and pretext evidence from the same actors regarding

10   Defendant's position that it simply could not accommodate Plaintiff's request of not working more

11   than 8 hours.  Furthermore, Defendant admits Mr. Johnson managed another location before the

12   Redmond location.  *See* Wong Decl., Ex. O.   Plaintiff is not seeking medical records and has also

13   agreed for the redaction of employee's names to the first and last initials for ease of identification.

14   Moreover, five years is an appropriate time scope for a document production, where a corporate

15   designee need not be prepared on all documents.  *Walech*, 2012 WL 1068068, at *8-9 ("the court finds

16   that 7 years is reasonable for the temporal scope" for comparator document production)

17   (citing *Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 WL 3327227, at *9 (W.D. Wash. 2009)

18   ("Courts typically strike a balance in the range of three to eight years" for the temporal scope of

19   discovery in employment discrimination cases involving similarly situated employees)).

20   **F.    Reasonable Attorney's Fees are Appropriate.**

21   Rule 37 mandates an award of reasonable fees to a party forced to file a motion to compel:

22   *If the Motion Is Granted ( . . . or Discovery Is Provided After Filing).* If the motion is granted—
     or if the disclosure or requested discovery is provided after the motion was filed—the court
23   must, after giving an opportunity to be heard, require the party or deponent whose conduct

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 11
Case No. 2:20-cv-00564-TSZ

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees….

2

Fed. R. Civ. P. 37(a)(5).

3

4       Defendant's repeated refusal to fully respond to Plaintiff's relevant, proportional, and narrowly

5   tailored discovery requests necessitated the filing of this Motion.  Plaintiff has tried to resolve the

6   issues with Defendant prior to bringing this Motion.  Plaintiff also provided Defendant with relevant

7   case law and afforded Defendant every reasonable opportunity work with Plaintiff to find a

8   compromise to avoid bothering this Court.  But Defendant maintains its unreasonable objections,

9   necessitating this Motion.  Thus, Plaintiff requests a reimbursement of reasonable attorney's fees.

10                                  **VI.   <u>CONCLUSION</u>**

11      Defendant Sunbelt's complete failure to abide by the federal rules and case law has obstructed

12  the discovery process.  Courts have routinely rejected this type of gamesmanship, and this Court

13  should not allow it here.  Plaintiff respectfully requests that Defendant be compelled to fully respond

14  to Plaintiff's Second Requests, including producing all responsive documents, within seven (7) days

15  of this Court's order; and be awarded her reasonable attorney's fees.

16                       **VII.   <u>CERTIFICATE OF COMPLIANCE WITH LCR 37</u>**

17      The parties met and conferred over telephone on February 26, 2021 and March 4, 2021

18  regarding Defendant's responses to Plaintiff's Discovery Requests.  On February 26th, Plaintiff's

19  counsel Ada K. Wong and Isabel S. Johnson conferred with defense counsel Yash B. Dave and

20  Patricia J. Hill.  On March 4th, Mrs. Wong and Ms. Johnson conferred with Mr. Dave and Ian M.

21  Jones.  *See* Wong Decl., ¶ 17.

22                                  **VIII.   <u>PROPOSED ORDER</u>**

23      A proposed order seeking the relief requested is attached.

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 12
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

**DATED** April 15, 2021.

2

                                                   **AKW LAW, P.C.**

3

                                                   */s/ Ada K. Wong*

4

                                                   Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937

5

Attorneys for Plaintiff
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043

6

Tel.: (206) 259-1259
Fax: (855) 925-9529

7

E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 13
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on April 15, 2021, I caused to be electronically filed the foregoing

3   document with the Clerk of the Court using the CM/ECF system, which will send notification of such

4   filing to the following:

5        Shane P. Cramer
         Harrigan Leyh Farmer & Thomsen LLP
6        999 Third Avenue, Suite 4400
         Seattle, WA 98104
7        E-mail: shanec@harriganleyh.com
         E-mail: conniej@harriganleyh.com
8        *Counsel for Defendant Sunbelt Rentals, Inc.*

9        Patricia J. Hill
         Yash B. Dave
10       Smith, Gambrell & Russell, LLP
         50 North Laura Street, Suite 2600
11       Jacksonville, FL 32202
         E-mail: pjhill@sgrlaw.com
12       E-mail: ydave@sgrlaw.com
         E-mail: cmarsh@sgrlaw.com
13       E-mail: dcote@sgrlaw.com
         E-mail: ijones@sgrlaw.com
14       E-mail: callard@sgrlaw.com
         *Pro hac vice Counsel for Defendant Sunbelt Rentals, Inc.*

15

16       Isabel Johnson
         LAW OFFICE OF ISABEL S. JOHNSON, PLLC
17       748 Market Street #15
         Tacoma WA 98402
         E-mail: isabel@isjlaw.com
18       *Co-Counsel for Plaintiff*

19       I declare under penalty of perjury under the laws of the state of Washington that the foregoing

20   is true and correct.

21       DATED: April 15, 2021, at Mountlake Terrace, Washington.

22

23                                   */s/ Kaila A. Eckert*
                                     Kaila A. Eckert

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
RESPONSES - 14
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529