# EXHIBIT C

## TO THE DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES



February 23, 2021

*Sent via E-mail to <u>shanec@harriganleyh.com</u>; <u>pjhill@sgrlaw.com</u>; <u>ydave@sgrlaw.com</u>*

Patricia J. Hill
Yash B. Dave
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202

Shane P. Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

   **RE:**   ***Horman v. Sunbelt Rentals, Inc., et al.***
       **Western District of Washington – Seattle | Case No. 2:20-cv-00564**
       **Meet & Confer Request – Defendant Sunbelt Rentals, Inc.'s Response to Plaintiff's Second Set of Requests for Production of Documents**

Dear Counsel:

  We have reviewed Defendant's responses and production to Plaintiff's Second Set of Requests for Production and would like to meet and confer with you regarding various issues. To help facilitate our meet and confer conference, and for purposes of efficiency, I have outlined the issues I would like to discuss below. I seek to meet and confer with you on **Friday, February 26, 2021 following our pre-scheduled discussion on other discovery matters.**

  As an initial matter, Defendant Sunbelt's numerous mischaracterizations and objections to the phrase "regarding, related to, and/or referring" display a great amount of confusion about its meaning. Defendant's own discovery requests repeatedly use the phrase "relate to" when requesting information and/or production of documents. *See* Defendant's First Set of RFPs, at 13 ("Please produce all documents . . . concerning or *relating to*, in any respect . . . ;" "Please produce all documents that *relate to*, bear upon or provide evidence relating to . . ."). Thus, we assume that Defendant understands the meaning of "related to."

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
*RE: Horman v. Sunbelt Rentals, Inc., et al. – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production*
February 23, 2021
Page 2 of 6

"Regarding" is defined as "with respect to: CONCERNING."[1] "Referring" is defined as "to have relation or connection: RELATE."[2] When these terms are replaced with their dictionary definitions, the meaning of the phrase "regarding, related to, and/or referring" is synonymous with Defendant's chosen phrase, "concerning or relating to, in any respect[.]" To illustrate, "[CONCERNING], related to, and/or [RELATE]."[3]

If Defendant still interprets Plaintiff's use of "regarding, related to, and/or referring" as overly broad, unduly burdensome, and harassing, Plaintiff respectfully requests Defendant to replace with the synonymous phrase: "concerning or relating to, in any respect[.]"

**No. 1:** To the extent any of Plaintiff's VDOS logs were adjusted even after her separation, we are privy to this information. As such, please produce. If there are no additional documents, please confirm. I also see that we have only what appears to be one set of logs. Should there be any responsive documents showing any adjustments or edits made, please produce.

**Nos. 2-4:** Please confirm that Defendant has provided all non-privileged documents responsive to these requests despite its objections.

**No. 5**: Please confirm that Defendant has provided all non-privileged documents responsive to this request. To clarify, "medical leave" refers to leave taken for medical or health reasons, including leave of absence for medical or health reasons.

**Nos. 6-7**: Please confirm that Defendant has provided all non-privileged documents responsive to this request despite its objections.

**No. 8**: The documents identified in Defendant's response are not responsive to Plaintiff's request. Plaintiff's Request No. 8 asks for all documents that show the number of hours that Defendant *scheduled* Plaintiff to work, not documents that show the number of hours Plaintiff actually worked. This also includes schedules, calendars, e-mails, and text messages, which we understand were methods of communication regarding Ms. Horman's schedule during her employment. Please produce.

**No. 9**: Defendant has not produced all non-privileged documents responsive to this request. The only document produced by Defendant is the initial investigation performed by Ms. Lee Reed, and her email sending her initial investigation results to Ms. Vicky Gibson for review. Defendant has not provided any documentation concerning or relating to, in any respect, Plaintiff's initial report(s) to HR, communications surrounding the report(s), HR's treatment of Plaintiff's report(s),

---

[1] https://www.merriam-webster.com/dictionary/regarding?src=search-dict-hed.
[2] https://www.merriam-webster.com/dictionary/referring#examples
[3] https://www.merriam-webster.com/dictionary/regarding?src=search-dict-hed; https://www.merriam-webster.com/dictionary/referring#examples.

Case 2:20-cv-00564-TSZ   Document 50-3   Filed 04/15/21   Page 4 of 7

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
*RE: Horman v. Sunbelt Rentals, Inc., et al. – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production*
February 23, 2021
Page 3 of 6

and the final determination and/or conclusion following Ms. Reed's initial investigation. As we repeatedly stated, we are never asking for work product or attorney-client privilege documents.

**No. 12**: We have reason to believe these responsive documents exist. *See* SB/Horman DEF 00283: "Mariana let's tweak the no call no show letter before you send it[.]" Please supplement.

**No. 13:** The documents Plaintiff is seeking are highly relevant and discoverable. Defendant's treatment of similarly situated employees who raised similar issues or concerns as Plaintiff is directly relevant to Plaintiff's claims. *Kellher v. Fred Meyer Stores Inc.*, 302 F.R.D. 596, 598 (E.D. Wash. 2014) (recognizing the appropriateness of comparator evidence to demonstrate internal inconsistency of defendant's handling of similarly situated employees).

In an effort to come to an agreeable solution, Plaintiff would agree to limit the scope to separation notices and/or separation agreements distributed to employees in the last five (5) years at the Profit Center where Plaintiff worked.

**No. 14**: The documents identified by Defendant are not responsive to Plaintiff's request. The employee handbook (SB/Horman-DEF00001-00079) does not contain any policy or procedure concerning or relating to, in any respect, the presence of pets and/or service animals in the workplace. Plaintiff is not seeking privileged documents; rather, Plaintiff is seeking Defendant's policies and/or procedures on *one specific* topic during a limited time period of five (5) years. We are willing to limit this request to documents applicable to the Profit Center where Plaintiff worked. Please produce.

**Nos. 15-17**: Defendant's assertion that Mr. Johnson's job description as Profit Center Manager, Plaintiff's supervisor, is irrelevant is misplaced. He is a critical witness to the claims and defenses in this suit, please produce. A description for Profit Center Managers generally is not sufficient. We are willing to limit the job descriptions for Mr. Johnson to the last five (5) years. This is the same for Mr. Cook (No. 16) and Ms. Troy (No. 17).

**No. 18**: Information contained in personnel files relating to similar complaints by other employees is discoverable. *See Kellher*, 302 F.R.D. at 599 (ordering employer to produce documents relating to employees approaching supervisors and human resources employees with similar issues as plaintiff); *see also Lauer v. Longevity Med. Clinic PLLC*, No. C13-0860-JCC, 2014 WL 5471983, at *4 (W.D. Wash. Oct. 29, 2014) (plaintiff is entitled to evidence of former employer's pattern or practice of retaliation against employees who raised similar concerns). As such, please produce.

**No. 19**: Plaintiff is seeking personnel files of only *four* individuals that worked with Plaintiff at the same Profit Center and were subject to the same behavioral standards and disciplinary decisions. These files are relevant and discoverable. *See Kellher*, 302 F.R.D. 596, 598 (E.D. Wash. 2014) (ordering employer to produce the personnel files of nineteen (19) similarly situated employees); *see also Droz v. Bos. Sci. Corp.*, No. 2:20-CV-48-RSM-DWC, 2020 WL 5203585, at *2 (W.D. Wash. Sept. 1, 2020), *reconsideration denied*, 2020 WL 5891909 (W.D. Wash. Oct. 5,

Case 2:20-cv-00564-TSZ Document 50-3 Filed 04/15/21 Page 5 of 7

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
RE: *Horman v. Sunbelt Rentals, Inc., et al.* – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production
February 23, 2021
Page 4 of 6

2020) (evidence relating to all sales representatives in plaintiff's region but outside plaintiff's unit are relevant and discoverable). We also agree to the redaction of personal identifying information.

**Nos. 20-21**: Defendant's objections lack merit. Ms. Reed personally participated in the investigation of Plaintiff's reports of discrimination, retaliation, and hostile work environment. Ms. Gibson allegedly reviewed Ms. Reed's investigation and findings. Both Ms. Gibson and Ms. Reed had pivotal roles in managing and determining the outcome of Plaintiff's accommodation request. The requested documents are highly relevant and discoverable. *Karrani v. JetBlue Airways Corp.*, No. C18-1510-RSM, 2019 WL 2502148, at *1 (W.D. Wash. June 17, 2019) (finding that personnel files are discoverable in discrimination cases "for those employees who played an 'important role' in the incident giving rise to the lawsuit either as direct participants or as witnesses.").

**No. 22**: Defendant's similar treatment of other former employees is directly relevant to Plaintiff's claims. Please produce.

**No. 24**: The identity and personnel files of former employees who requested and/or took the same leave as Plaintiff are discoverable. *See Kelleher*, 302 F.R.D. at 599 (ordering employer in a discrimination case to identify and produce associated personnel files of other employees who had requested or took the same leave as plaintiff).

Additionally, Plaintiff's request is narrowly tailored to documents concerning or relating to, in any respect, former employees who (1) took and/or requested a leave of absence, (2) separated from employment by Defendant within six months of the initial leave request, (3) worked at Profit Centers at which Ms. Reed is currently the Territory HR Manager, and (4) requested and/or took the leave in the last five (5) years. Please produce.

**No. 25**: Evidence from non-party personnel files, such as disciplinary records, of employees both inside and outside the protected class, constitute discoverable comparator evidence. *Lauer*, 2014 WL 5471983, at *5. Plaintiff narrowly tailored this request to a specific subcategory of "Warning Forms" distributed at one location in the last five (5) years.

Plaintiff's request is not limited to one manager and/or decision maker, nor is it required to be. *Lauer*, 2014 WL 5471983, at *4 (citing *Ladson v. Ulltra E. Parking Corp.*, 164 F.R.D. 376, 377 (S.D.N.Y. 1996) ("The Court is not prepared to allow defendants to determine what information is necessary for the plaintiffs to receive.")).

**No. 26**: Again, evidence from non-party personnel files, such as disciplinary records, of employees both inside and outside the protected class, constitute discoverable comparator evidence. *Lauer*, 2014 WL 5471983, at *5. Plaintiff narrowly tailored this request to documents concerning or relating to, in any respect, employees involved in accidents concerning (1) operation of vehicles or heavy equipment, (2) where the accident was caused by the employee's failure to comply with safety rules and procedures, (3) at one location, (3) for the last five (5) years.

Case 2:20-cv-00564-TSZ   Document 50-3   Filed 04/15/21   Page 6 of 7

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
*RE: Horman v. Sunbelt Rentals, Inc., et al. – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production*
February 23, 2021
Page 5 of 6

Again, Plaintiff's request is not limited to one manager and/or decision maker, nor is it necessary that does. Defendants are not entitled to pick and choose what parts of personnel files they think are relevant to Plaintiff's claims. *Lauer*, 2014 WL 5471983, at *4 (citing *Ladson*, 164 F.R.D. at 377),

**No. 30**: Please produce the "Enrollment letter update 2015.pdf" document referenced in SB/HORMAN-DEF00092 and SB/HORMAN-DEF00161.

**No. 31**: If Defendant has a list of employees with said identifying information, it would not be work product or attorney-client privilege. Please produce. We also want a privilege log through April 26, 2019 if any documents generated are responsive, but Defendant is claiming privilege. Again, we are not looking for emails or communications between Defendant and defense counsel.

**No. 32**: Please confirm that Defendant has produced all non-privileged documents responsive to this request.

**No. 34**: Again, plaintiff only seeks non-privileged documents. To the extent that HR or another department has responsive documents, those are not privileged. To the extent an attorney provided legal advice in anticipation of litigation, that is privileged, however we are not seeking those documents. Should Defendant still assert privilege for responsive documents, please produce a privilege log through April 26, 2019.

**No. 35**: To clarify, we narrowed the scope to a temporal limitation to five (5) years and seek only documents specifically related to HR personnel. Again, we are not seeking privileged documents. We are agreeable to not having Defendant search emails regarding this request. The policies and procedures are at issue in this case and are discoverable as they may be circumstantial evidence of discrimination or pretext. *Hall*, 2017 WL 216707, at *3. Please produce.

**No. 36**: Please confirm that Defendant has provided all non-privileged documents responsive to this request. Should Defendant still claim privilege, please produce a privilege log through April 26, 2019.

**No. 37**: Non-privileged documents related to other employees requesting a disability accommodation concerning or relating to, in any respect, working a reduced or different schedule are discoverable. Defendant's treatment of similarly situated employees who raised similar issues or concerns as Plaintiff is directly relevant to Plaintiff's claims. *Kellher*, 302 F.R.D. at 598 (recognizing the appropriateness of comparator evidence to demonstrate internal inconsistency of defendant's handling of similarly situated employees). Further, this request is appropriately limited to the last five (5) years at Profit Centers for which Ms. Reed is currently the Territory Human Resources Manager. Please produce. Should Defendant still claim privilege, please produce a privilege log through April 26, 2019.

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
*RE: Horman v. Sunbelt Rentals, Inc., et al. – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production*
February 23, 2021
Page 6 of 6

**Nos. 38-39**: Information and documents relating to other allegations and reports of hostile work environment on the basis of sex/gender, and retaliation for complaining about discrimination or harassment on the basis of sex/gender, are discoverable. *Telecomm. Sys., Inc. v. Houserman*, No. 219CV00336-RAJ-BAT, 2020 WL 5500372, at *7 (W.D. Wash. Sept. 11, 2020) (plaintiff is entitled to documents and information regarding other allegations of discrimination against former employer over a ten-year period). We are willing to further limit this request to documents where an investigation was conducted.

I hope that this letter further clarifies the outstanding discovery issues in this case. In an effort to avoid bothering the Court, I look forward to working together professionally to resolve these discovery issues as soon as possible. Again, we seek to meet and confer regarding the above-referenced matters on **Friday February 26, 2021 following our pre-scheduled discussion.** We are asking for all supplemental documents to be produced no later than Wednesday, March 3, 2021, prior to the Rule 30(b)(6) deposition. Thank you.

Sincerely,

**AKW LAW, P.C.**

**Ada K. Wong**
Attorney at Law
ada@akw-law.com
(206) 886-7886

Cc:   AKW/JTW/kae
      ISJ