# EXHIBIT E

## TO THE DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES



March 4, 2021

*Sent via E-mail to shanec@harriganleyh.com; pjhill@sgrlaw.com; ydave@sgrlaw.com; cmarsh@sgrlaw.com; dcote@sgrlaw.com; ijones@sgrlaw.com*

Patricia J. Hill
Yash B. Dave
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202

Shane P. Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

> RE: *Horman v. Sunbelt Rentals, Inc., et al.*
> **Western District of Washington – Seattle | Case No. 2:20-cv-00564**
> Meet & Confer Request – Defendant Sunbelt Rentals, Inc.'s Response to Plaintiff's Second Set of Requests for Production of Documents – **RECAP RE SECOND MEET AND CONFER CALL**

Dear Counsel:

Thank you for taking the time to meet and confer for the second time with Isabel Johnson and me today regarding Defendant's responses and production to Plaintiff's Second Set of Requests. This letter serves to summarize what we covered during out conference today. Please advise immediately in writing if we misunderstood anything.

**DISCUSSIONS REGARDING PLAINTIFF'S FEBRUARY 23, 2021 LETTER**

You confirmed that you are waiting on confirmation from your client regarding **No. 9**, **No. 13**, **No. 18**, **No. 19**, and you will get back to us **next week**. Please also respond to concerns raised regarding **No. 14** in Plaintiff's letter dated February 26, 2021.

**Nos. 20-21**: Defendant's objections lack merit. Ms. Reed personally participated in the investigation of Plaintiff's reports of discrimination, retaliation, and hostile work environment. Ms. Gibson allegedly reviewed Ms. Reed's investigation and findings. Both Ms. Gibson and Ms.

Case 2:20-cv-00564-TSZ Document 50-5 Filed 04/15/21 Page 3 of 7

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
RE: *Horman v. Sunbelt Rentals, Inc., et al.* – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production – RECAP TO SECOND MEET AND CONFER CALL
March 4, 2021
Page 2 of 6

Reed had pivotal roles in managing and determining the outcome of Plaintiff's accommodation request. The requested documents are highly relevant and discoverable. *Karrani v. JetBlue Airways Corp.*, No. C18-1510-RSM, 2019 WL 2502148, at *1 (W.D. Wash. June 17, 2019) (finding that personnel files are discoverable in discrimination cases "for those employees who played an 'important role' in the incident giving rise to the lawsuit either as direct participants or as witnesses."). You agreed to produce training records and job descriptions. You agreed to produce discipline and investigation records, but only those that relate to discrimination, harassment, retaliation, and accommodation. You agreed to produce next week. You stated that records of discipline and investigations that relate to any other topic are irrelevant. We explained that records of discipline and investigation related to other topics, such as failure to conduct a proper investigation, are relevant to Plaintiff's claims and will likely lead to admissible evidence. You disagreed.

You stated that you will confirm with your client regarding whether records of complaints are kept in the employees' personnel files and where else they may be kept. You also stated that you will discuss with your client about whether you will produce complaints made through Defendant's complaint hotline and let us know next week. I stated that if the hotline records exist electronically, we can work on ESI scope for it since you said there is no way to search for responsive documents.

**No. 22**: Defendant's similar treatment of other former employees is directly relevant to Plaintiff's claims. Please produce. You refused to produce records of former employees who were terminated for the same or similar reasons as Plaintiff because the request is too burdensome and will not produce relevant documents. We explained why we believe these documents are relevant to Plaintiff's claims, and you disagreed.

We asked what you would be agreeable to, and we offered to further limit the scope to former employees who were under the purview of the employee who determined that Plaintiff abandoned her job. You refused to confirm which employee made the decision. You stated that you are only agreeable to the former employees at the Redmond Profit Center for the last five (5) years and will produce next week.

You also confirmed that an HR Generalist, such as Mariana Troy, works directly for an HR Territorial Manager, such as Lee Reed. Therefore, you explained, an HR Generalist does not have a different territory or a smaller territory than an HR Territorial Manager, and they both oversee approximately 1,000 employees at any given time.

**No. 24**: The identity and personnel files of former employees who requested and/or took the same leave as Plaintiff are discoverable. *See Kelleher*, 302 F.R.D. at 599 (ordering employer in a discrimination case to identify and produce associated personnel files of other employees who had requested or took the same leave as plaintiff).

Case 2:20-cv-00564-TSZ   Document 50-5   Filed 04/15/21   Page 4 of 7

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
RE: *Horman v. Sunbelt Rentals, Inc., et al.* – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production – RECAP TO SECOND MEET AND CONFER CALL
March 4, 2021
Page 3 of 6

Additionally, this request is narrowly tailored to documents concerning or relating to, in any respect, former employees who (1) took and/or requested a leave of absence, (2) separated from employment by Defendant within six months of the initial leave request, (3) worked at Profit Centers at which Ms. Reed is currently the Territory HR Manager, and (4) requested and/or took the leave in the last five (5) years. Please produce. You refused to produce any responsive documents, regardless of limitations.

**No. 25**: Evidence from non-party personnel files, such as disciplinary records, of employees both inside and outside the protected class, constitute discoverable comparator evidence. *Lauer*, 2014 WL 5471983, at *5. Plaintiff narrowly tailored this request to a specific subcategory of "Warning Forms" distributed at one location in the last five (5) years.

Plaintiff's request is not limited to one manager and/or decision maker, nor is it required to be. *Lauer*, 2014 WL 5471983, at *4 (citing *Ladson v. Ulltra E. Parking Corp.*, 164 F.R.D. 376, 377 (S.D.N.Y. 1996) ("The Court is not prepared to allow defendants to determine what information is necessary for the plaintiffs to receive.")). You confirmed that your response is complete.

**No. 26**: Again, evidence from non-party personnel files, such as disciplinary records, of employees both inside and outside the protected class, constitute discoverable comparator evidence. *Lauer*, 2014 WL 5471983, at *5. Plaintiff narrowly tailored this request to documents concerning or relating to, in any respect, employees involved in accidents concerning (1) operation of vehicles or heavy equipment, (2) where the accident was caused by the employee's failure to comply with safety rules and procedures, (3) at one location, (3) for the last five (5) years.

Again, Plaintiff's request is not limited to one manager and/or decision maker, nor is it necessary that does. Defendants are not entitled to pick and choose what parts of personnel files they think are relevant to Plaintiff's claims. *Lauer*, 2014 WL 5471983, at *4 (citing *Ladson*, 164 F.R.D. at 377). You stated that you would produce only documents relating to accidents that occurred at the Redmond Profit Center, and only during the time period when Mr. Johnson was the manager. You stated if they exist, you will produce such documents next week. You also stated that you will confirm whether Mr. Johnson was a manager at a different location prior to being the Profit Center Manager at Redmond and will let us know next week.

**No. 30**: Please produce the "Enrollment letter update 2015.pdf" document referenced in SB/HORMAN-DEF00092 and SB/HORMAN-DEF00161. You confirmed that your client's response is complete because the "Enrollment letter update 2015.pdf" is the same document as the "401(k) Enrollment Notice 2015.pdf" document.

**No. 31**: If Defendant has a list of employees with said identifying information, it would not be work product or attorney-client privilege. Please produce. We also want a privilege log through April 26, 2019 if any documents generated are responsive, but Defendant is claiming privilege. Again, we are not looking for emails or communications between Defendant and defense counsel.

Case 2:20-cv-00564-TSZ   Document 50-5   Filed 04/15/21   Page 5 of 7

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
RE: *Horman v. Sunbelt Rentals, Inc., et al.* – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production – RECAP TO SECOND MEET AND CONFER CALL
March 4, 2021
Page 4 of 6

You agreed to produce an employee list identifying all employees who worked at the Redmond Profit Center between June 21, 2018 to April 26, 2019. You agreed to include each employee's name, position title, dates of employment, and gender. You also agreed to produce the list next week.

You stated that employees who work at Profit Centers are not assigned formal departments, and all profit centers fall under the Operations Department. You stated that at the Redmond Profit Center, employees are assigned informal demarcation: shop, office, and drivers.

**No. 32**: Please confirm that Defendant has produced all non-privileged documents responsive to this request. You confirmed that your response is complete. You again confirmed that Defendant does not store or have access to text messages.

**No. 34**: Again, plaintiff only seeks non-privileged documents. To the extent that HR or another department has responsive documents, those are not privileged. To the extent an attorney provided legal advice in anticipation of litigation, that is privileged, however we are not seeking those documents. Should Defendant still assert privilege for responsive documents, please produce a privilege log through April 26, 2019. You stated that you will confirm with your client regarding whether this response is complete and will let us know next week.

**No. 35**: To clarify, we narrowed the scope to a temporal limitation to five (5) years and seek only documents specifically related to HR personnel. Again, we are not seeking privileged documents. We are agreeable to not having Defendant search emails regarding this request. The policies and procedures are at issue in this case and are discoverable as they may be circumstantial evidence of discrimination or pretext. *Hall*, 2017 WL 216707, at *3. Please produce. You confirmed that your client's response is complete.

**No. 36**: Please confirm that Defendant has provided all non-privileged documents responsive to this request. Should Defendant still claim privilege, please produce a privilege log through April 26, 2019. You confirmed that your client's response is complete.

**No. 37**: Non-privileged documents related to other employees requesting a disability accommodation concerning or relating to, in any respect, working a reduced or different schedule are discoverable. Defendant's treatment of similarly situated employees who raised similar issues or concerns as Plaintiff is directly relevant to Plaintiff's claims. *Kellher*, 302 F.R.D. at 598 (recognizing the appropriateness of comparator evidence to demonstrate internal inconsistency of defendant's handling of similarly situated employees). Further, this request is appropriately limited to the last five (5) years at Profit Centers for which Ms. Reed is currently the Territory Human Resources Manager. Please produce. Should Defendant still claim privilege, please produce a privilege log through April 26, 2019. You stated that there is not any way for you to identify documents responsive to this request. You then stated that you would agree to produce responsive documents on the condition that Plaintiff agree to limit the scope to employees who

Case 2:20-cv-00564-TSZ   Document 50-5   Filed 04/15/21   Page 6 of 7

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
RE: *Horman v. Sunbelt Rentals, Inc., et al.* – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production – RECAP TO SECOND MEET AND CONFER CALL
March 4, 2021
Page 5 of 6

worked at the Redmond Profit Center when Mr. Johnson was the manager, and if Plaintiff does not agree to your limited scope, you refuse to produce any responsive documents. We stated we would get back to you. We are not agreeable to your limitation and have stated our position as to why these documents are discoverable. Based on our conversation, you now refuse to provide any documents responsive to this request, and we have reached an impasse. If this is inaccurate, please advise immediately.

**Nos. 38-39**: Information and documents relating to other allegations and reports of hostile work environment on the basis of sex/gender, and retaliation for complaining about discrimination or harassment on the basis of sex/gender, are discoverable. *Telecomm. Sys., Inc. v. Houserman*, No. 219CV00336-RAJ-BAT, 2020 WL 5500372, at *7 (W.D. Wash. Sept. 11, 2020) (plaintiff is entitled to documents and information regarding other allegations of discrimination against former employer over a ten-year period). We are willing to further limit this request to documents where an investigation was conducted. You stated that you would only produce documents relating to reports of allegations at the Redmond Profit Center during the time period when Mr. Johnson was the manager. You stated that you will produce such documents, if they exist, next week. You are not agreeable to anything beyond this scope.

## DISCUSSIONS REGARDING PLAINTIFF'S FEBRUARY 25, 2021 LETTER

You stated that you are waiting for confirmation from your client regarding whether job descriptions previously produced were also in effect for 2018 and 2019, and you will let us know next week. *See* SB/HORMAN-DEF 00322-323; 00455; 00527-528; 00529-530; 00531-532.

Last, you stated that you are also waiting for confirmation from your client regarding whether the policies and procedures manual produced by Defendant was in effect in 2018 and 2019, and whether any cover pages exist. *See* SB/HORMAN-DEF 00737-970. You will also let us know next week.

Should you wish to meet and confer again and/or discuss any matters related to your responses, please advise. We believe we have met and conferred in good faith over two days on Defendant's Responses to Plaintiff's Second Set of Requests for Production. If you feel otherwise, please advise immediately. We look forward to receiving your supplemental discovery responses next week.

Sincerely,

**AKW LAW, P.C.**

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
**RE:** *Horman v. Sunbelt Rentals, Inc., et al.* **– Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production** – RECAP TO SECOND MEET AND CONFER CALL
March 4, 2021
Page 6 of 6

**Ada K. Wong**
Attorney at Law
ada@akw-law.com
(206) 886-7886

Cc: AKW/JTW/kae
     ISJ