# EXHIBIT F

## TO THE DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES



March 18, 2021

*Sent via E-mail to <u>shanec@harriganleyh.com</u>; <u>pjhill@sgrlaw.com</u>; <u>ydave@sgrlaw.com</u>; <u>cmarsh@sgrlaw.com</u>; <u>dcote@sgrlaw.com</u>; <u>ijones@sgrlaw.com</u>*

Patricia J. Hill
Yash B. Dave
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202

Shane P. Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

> RE: *Horman v. Sunbelt Rentals, Inc., et al.*
> **Western District of Washington – Seattle | Case No. 2:20-cv-00564**
> **Meet & Confer Request – Defendant Sunbelt Rentals, Inc.'s Response to Plaintiff's Second Set of Requests for Production of Documents**

Dear Counsel:

This letter serves as a follow up to our February 26, 2021 letter and March 4, 2021 letter. This letter also serves as a response to your March 12, 2021 letter. All letters relate to Plaintiff's Second Set of Requests for Production of Documents. Please advise immediately in writing if we misunderstood anything.

**No. 9:** Please confirm that Defendant's response is complete.

**No. 14:** Please respond to the concerns raised in Plaintiff's letter dated February 26, 2021.

**Nos. 15-17.** Please supplement with job descriptions that were in effect in from June 2018 to June 2019. *See* SB/HORMAN-DEF 00455; 00527-528; 00529-530; 00531-532.

**No. 18:** The identified document (SB/Horman-DEF01316) is not responsive to this request. Plaintiff requested documents that request and/or require employees to work more than eight (8) hours per day. On March 16, 2021, the Court issued an Order finding that Washington

Case 2:20-cv-00564-TSZ   Document 50-6   Filed 04/15/21   Page 3 of 4

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
RE: *Horman v. Sunbelt Rentals, Inc., et al.* – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production
March 18, 2021
Page 2 of 3

State is a reasonable geographic scope for discovery. *See* Dkt. # 48. Please produce responsive documents.

**No. 19:** Please confirm whether SB/Horman-DEF01317 applies/applied to Dane DeRocher during his employment with Defendant.

The documents produced show a schedule for a "temporary/ transitional" position for Patrick Papineau. *See* SB/Horman-DEF01330. If Patrick Papineau had a regular work schedule that applied during his employment when the limited schedule described in SB/Horman-DEF01330 did not apply, please provide that work schedule.

Please produce documents reflecting discipline that Sunbelt issued to Oscar Martinez and documents containing his work schedule if his work schedule was different than the schedule set forth in SB/Horman-DEF01316.

Plaintiff also requested Defendant produce reported "time blocks," performance records, records of verbal warnings, termination, investigations, and communication with third parties regarding unemployment benefits for all employees in the same or similar position as Plaintiff (Driver) at the Redmond location between June 1, 2018 to present. These documents are relevant to establish the essential job functions of drivers at the Redmond Profit Center and whether Plaintiff was treated differently because of her disability. Please confirm whether you are still not agreeable to producing such documents, leaving us with no choice but to seek the Court's intervention.

**Nos. 20-21**: Please provide job descriptions for Lee Reed and Vicky Gibson that were in effect from June 2018 to June 2019. Please also confirm whether your client will produce complaints and/or reports from Defendant's hotline.

**No. 22**: Defendant agreed to produce documents related to the former employees at the Redmond Profit Center for the last five (5) years. Please produce.

**No. 26**: Please confirm whether your response is complete and whether Brent Johnson was a manager at a different Sunbelt location prior to being the manager at the Redmond Profit Center.

**No. 27:** Please confirm whether the Safety Manual (SB/Horman-DEF00534-00736) was in effect from June 2018 to June 2019. Please produce the version of the Policies and Procedures Manual (SB/Horman-DEF 00737-970) that was in effect from June 2018 to June 2019 and state whether any cover pages exists.

**No. 34**: Please confirm whether your response is complete.

**No. 37:** On March 4, 2021, you stated that we reached an impasse. On March 16, 2021, the Court issued an Order finding that Washington State is a reasonable geographic scope for discovery. *See* Dkt. # 48. We request that you reconsider your position that you are unwilling to agree to any scope for this request other than limiting the scope to the Redmond profit center when

Case 2:20-cv-00564-TSZ   Document 50-6   Filed 04/15/21   Page 4 of 4

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
RE: *Horman v. Sunbelt Rentals, Inc., et al.* – Meet & Confer Request re Defendant's Discovery Responses to Plaintiff's Second Set of Requests for Production
March 18, 2021
Page 3 of 3

Mr. Johnson was the manager and your conditioning the production of any responsive documents on Plaintiff agreeing to your limited scope. Please confirm whether we remain at impasse or if you have reconsidered in light of the Court's March 16, 2021 Order. If we misunderstood your position, please notify us immediately.

**Nos. 38-39**: Please confirm whether all responsive documents have been produced, or if Defendant produced only responsive documents within the limited scope you were agreeable to, which was documents relating to reports of allegations at the Redmond Profit Center during the time Mr. Johnson was the manager. If Defendant has only produced documents regarding allegations at the Redmond Profit Center during the time Mr. Johnson was the manager, we ask that you reconsider the geographic scope in light of the Court's March 16, 2021 Order finding that Washington State is a reasonable scope for discovery. *See* Dkt. # 48.

**Bates Nos. SB/Horman-DEF01315**: Please identify Rick Nault pursuant to Defendant's duties to supplement its Initial Disclosures and answer to Interrogatory No. 2, and produce the entire text conversation.

**Bates Nos. SB/Horman-DEF01316**: Please confirm that the dates and/or time period the drivers' schedules were in place. Please also identify Darryl Lanier and the last employee named on the list (initials appear to be M.A. but the name is illegible) pursuant to Defendant's duties to supplement its Initial Disclosures and answer to Interrogatory Nos. 2 and 8.

Should you wish to meet and confer again and/or discuss any matters related to your responses, please advise. We believe we have met and conferred in good faith over two days on Defendant's Responses to Plaintiff's Second Set of Requests for Production. If you feel otherwise, please advise immediately. We look forward to receiving your supplemental discovery responses next week.

Sincerely,

**AKW LAW, P.C.**

**Ada K. Wong**
Attorney at Law
ada@akw-law.com
(206) 886-7886

Cc:   AKW/JTW/kae
      ISJ