THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JILLIAN HORMAN, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>SUNBELT RENTALS, INC., *et al.*<br><br>         Defendants. | Case No. 2:20-cv-00564-TSZ<br><br>**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>**NOTE ON MOTION CALENDAR:**<br>Friday, July 23, 2021<br><br>Without Oral Argument |

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 1
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## I. RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Jillian Horman respectfully moves for an order compelling Defendant Sunbelt Rentals, Inc. ("Sunbelt") to provide complete responses to her Requests for Production: Third Set, Nos. 4, 10, and 13; Fourth Set, Nos. 2 and 3; Sixth Set, No. 1; Seventh Set, Nos. 1-3; Eighth Set, Nos. 4, 7, 8, 9, and 12; and Plaintiff's Third Set of Requests for Admission, Nos. 2-6. Plaintiff also moves this Court to determine the necessity of Defendant's redactions at Bates Nos. SB/Horman-DEF_01407, 01640. All requests encompass evidence of pretext, motive and intent, and comparator evidence, with reasonable limitations. Because of Defendant's repeated pattern of obstructionism, Plaintiff respectfully requests reimbursement of attorney's fees.

## II. RELEVANT BACKGROUND

**A.     Background**

Plaintiff Jillian Horman worked as a Driver for Defendant Sunbelt from June 2018 to April 2019 at its Redmond Profit Center. *See* Declaration of Ada K. Wong ("Wong. Decl."), Ex. Y, p. 6. Plaintiff's physician provided documentation restricting her workday to no more than 8 hours per day because of a diagnosis of elevated blood pressure. *Id.* at Ex. Z. Defendant refused to accommodate Plaintiff, claiming it was "too restrictive." *Id.* at Ex. AA, p. 1. Working more than 8 hours per day is not an essential function of the job.[1] *Id.* at Ex. BB, pp. 2-3. Her work schedule with Sunbelt was 6:30 am to 3 p.m. *Id.* at Ex. O (Johnson 30(b)(6) Dep.), 22:3-23. Refusing to accommodate Plaintiff, Sunbelt gave her an ultimatum: either work more than 8 hours per day or resign with a severance. *Id.* at 58:21-59:6; 61:13-17. Plaintiff refused to resign, so Manager Brent Johnson fired her, kept her work phone and keys, and told her to take off her pants. *Id.* at Ex. K (Johnson Dep.), 196:1-5; 196:16-197:1; Ex.

---

[1] The essential functions of the job are listed in Plaintiff's job description, which does not include working more than 8 hours per day. *Id.* at Ex. BB, pp. 2-3, M (Gibson Dep.), 117:21-118:10.

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 2
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   Y, p. 6; Declaration of Jillian M. Horman ("Horman Decl."), ¶ 4. The same day, Defendant terminated
2   Plaintiff's access to her work accounts. Horman Decl., ¶ 5.

3   Plaintiff brings claims for disability discrimination, failure to accommodate a disability,
4   retaliation, and hostile work environment because of sex.

5   **B.   Discovery History**

6   On February 10, 2021, Plaintiff served Sunbelt with Plaintiff's **Third** Set of Requests for
7   Production ("Plaintiff's Third Requests"). Wong Decl., Ex. A. Defendant answered on March 12,
8   2021. *Id.* at Ex. C. The parties exchanged letters regarding deficiencies in Defendant's responses. *Id.*
9   at Ex. O; Declaration of Jordan T. Wada ("Wada Decl."), Exs. A-B. The parties then met and conferred
10  on April 22 and 23, 2021. *Id.* at ¶¶ 6-7, Exs. E-F.  On February 19, 2021, Plaintiff served her **Fourth**
11  Set of Requests for Production ("Plaintiff's Fourth Requests"). *See* Wong Decl., Ex. B. Defendant
12  served responses on March 19, 2021. *Id.* at Ex. E. On May 20, 2021, Plaintiff's counsel sent a letter
13  to defense counsel detailing its deficient discovery responses, to which Defendant responded on May
14  27, 2021. Wada Decl., Exs. G, I. On June 1, 2021, counsel met and conferred.  *Id.* at ¶ 12; Ex. K. On
15  April 27, 2021, Plaintiff served her **Sixth** Set of Requests for Production ("Plaintiff's Sixth Requests").
16  Wong Decl., Ex I. Defendant answered on May 27, 2021. *Id.* at Ex. N. The parties exchanged letters
17  regarding Defendant's deficient discovery responses and met and conferred on June 17, 2021. Wada
18  Decl., ¶ 17; Exs. J, N-P. On May 7, 2021, Plaintiff served Sunbelt with Plaintiff's **Seventh** Set of
19  Requests for Production ("Plaintiff's Seventh Requests"). Wong Decl., Ex. J. Defendant answered on
20  June 7, 2021. *Id.* at Ex. O. On June 21, 2021, the parties met and conferred, and Plaintiff's counsel
21  sent a letter summarizing the conference. *Id.* at ¶ 19; Ex. Q. On May 20, 2021, Plaintiff served Sunbelt
22  with Plaintiff's **Eighth** Set of Requests for Production ("Plaintiff's Eighth Requests"). Wong Decl.,
23  Ex. L. Defendant answered on June 17, 2021. *Id.*, Ex. Q. On June 21, 2021, the parties met and

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 3
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  conferred, and Plaintiff's counsel sent a summary after the conference. Wada Decl., at ¶ 19; Ex. R.

2  On March 17, 2021, Plaintiff served her **Third Set of Requests for Admissions** ("Plaintiff's
3  Third Admissions Requests"). *See* Wong Decl., Ex. D. Defendant answered on May 15, 2021. *Id.* at
4  Ex. H. Counsel exchanged letters in efforts to resolve the discovery deficiencies. Wada Decl., Exs. C-
5  D, G, I. On June 1, 2021, counsel met and conferred. *Id.* at ¶ 12; Ex K. Additional letters followed,
6  and counsel met and conferred again on June 17, 2021. *Id.* at ¶ 17; Exs. L, O, P; Wong Decl., Ex. Q.

7  On March 22, 2021, Defendant produced Bates Nos. SB/Horman-DEF_01407 and 01640.
8  Wong Decl., ¶¶ 7-8; Exs. F-G. These are charts containing information such as overtime hours worked,
9  profit shares/bonus amount, gross wages and after-tax earnings, and wage salary amounts of
10 employees at the Redmond Profit Center. Defendant redacted all information with the exception of the
11 information directly pertaining to Plaintiff (**Redactions**). *See id*. On May 20, 2021, Plaintiff's counsel
12 requested the unredacted information for the other Drivers. Wada Decl., Ex. G. Defense counsel
13 refused. *Id*. at Ex. H. On June 1, 2021, the parties met and conferred on the issue, and exchanged
14 multiple letters following the conference, without success. *Id.* at ¶ 12, 17; Ex. J-K, O-P.

15 In sum, Defendant has flatly refused to produce key categories of evidence that are the subjects
16 of this motion, necessitating this Motion.

### III.  ISSUES PRESENTED

18  1.  Whether this Court should issue an order compelling Defendant produce responsive
19 documents to Plaintiff's Discovery Requests and answer Plaintiff's Third Admissions Requests;

20  2.  Whether this Court should issue an order compelling Defendant to produce unredacted
21 versions of Bates No. SB/Horman-DEF_01407 & 01640; and

22  3.  Whether this Court should award reasonable attorney's fees to Plaintiff.

### IV.  EVIDENCE RELIED UPON

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 4
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

In support of this Motion, Plaintiff relies upon the Declarations of Ada K. Wong and Jordan T. Wada, and the attachments thereto; and the files and pleadings herein.

## V.  AUTHORITY AND ARGUMENT

### A.  Motion to Compel Standard

Parties are required to produce responsive documents that are in their "possession, custody or control" in response to a relevant and proportional discovery request. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a)(1). When a party fails to fully respond to discovery, the propounding party "may move for an order compelling . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "The requesting party may [also] move to determine the sufficiency of an answer or objection" to a request for admission. Fed. R. Civ. P. 36(a)(6). The burden of showing that discovery should not be allowed "is a heavy one in employment discrimination lawsuits, where discovery rules are construed liberally so as to provide the plaintiff with broad access to the employers' records." *Washington v. Matheson Flight Extenders, Inc.*, C17-1925-JCC, 2019 WL 1957710, at *2 (W.D. Wash. May 2, 2019).

### B.  Plaintiff is Entitled to Records that Establish What Reasonable Accommodations Were Available (Third Set, No. 4; Eighth Set, No. 7)

Set 3, Request No. 4 seeks records of vacant positions starting from the month Plaintiff was hired (June 1, 2018) through the year Plaintiff was terminated (December 31, 2019) in Washington, Oregon, and California.[2] Plaintiff has since limited the request to non-management and non-human resource positions to one year (December 1, 2018 to December 31, 2019). Set 8, Request No. 7 specifically requests the date posted and filled, hiring and separation date, and the employee's gender for Driver 1, Equipment Rental Specialist, Yard Personnel/Associate, and Administrative Assistant

---

[2] Plaintiff seeks records for these three specific states because (1) Sunbelt's key employees involved in this case (Gibson, Troy, Reed, Cook) were assigned to territories that included these three states, *see* Wong Decl., Ex. M, 30:23-31:4; 39:25-40:3; and (2) Plaintiff was willing to relocate to these states (and in fact, relocated to Oregon after Sunbelt fired her). Horman Decl., ¶¶ 6-7.

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 5
Case No. 2:20-cv-00564-TSZ

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   job openings in Washington state.[3] Plaintiff offered to limit the request to April 2019 to July 2019.[4]

2   Defendant has refused to produce any responsive documents. *See* Wada Decl., Ex. R, p.3.

3   Under the WLAD, "[i]nforming the employee of vacant positions and considering the

4   employee for those positions" is a form of reasonable accommodation. WAC 162-22-065(2)(c). "[I]f

5   a handicapped employee is qualified for a job within an employer's business, and an opening exists,

6   the employer must take *affirmative steps* to help the handicapped employee fill the position." *Clarke*

7   *v. Shoreline Sch. Dist. 412*, 106 Wn.2d 102, 121 (1986) (emphasis original) (citing *Dean v. Mun. of*

8   *Metro. Seattle*, 104 Wn.2d 627, 639 (1985)). "[A]n employer must consider not only those

9   contemporaneously available positions but also those that will become available within a reasonable

10  period." *Dark v. Curry Cty.*, 451 F.3d 1078, 1089-90, n.7 (9th Cir. 2006) (allowing the plaintiff to

11  present evidence of vacant positions from potentially more than 2 years after the defendant fired him).

12  Plaintiff requests records showing *only vacant positions that she was qualified for* around the

13  time she was fired. Defendant contends that vacant positions are irrelevant on the basis that it never

14  determined that Plaintiff was disabled. Wada Decl., Exs. B, p.2; E pp. 2-3; Q, pp.1-2; R, p.3. Defendant

15  maintains that it may block this discovery based on its unilateral determination that Plaintiff was not

16  disabled, despite receiving signed documents from Plaintiff's physician that he diagnosed her with

17  elevated blood pressure. *See* Wong Decl., Ex. Z. This Court has recognized that whether a plaintiff

18  had a disability that required accommodation is a question of fact for the jury. Dkt. # 20, 7:1-6 (citing

19  *Erickson v. Biogen, Inc.*, 417 F. Supp. 3d 1369, 1378-79 (W.D. Wash. 2019)); *see also See Johnson*

20  *v. Chevron U.S.A., Inc.*, 159 Wn. App. 18, 28-31 (2010) (finding reasonable accommodation is a

---

[3] Profit Center Manager Brent Johnson testified that Plaintiff Horman was qualified for the position of Equipment Rental Specialist and the Yard Personnel/Associate, and unsure about whether Plaintiff Horman was qualified for the Administrative Assistant position. Wong Decl., Ex O, 97:10-13, 18-20; 98:18-21.

[4] Plaintiff seeks records for these four months surrounding her termination because Sunbelt could arguably have transferred her or at least informed her of these open positions when it decided not to accommodate her doctor's work restrictions.

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES - 6**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

question of fact where defendant asserted that the plaintiff "had no 'substantially limiting' disability."). Regardless of the factual dispute about Plaintiff's disability that is for the jury to resolve, Defendant must allow discovery on vacant positions to which it could have reassigned Plaintiff.

**C.   Plaintiff is Entitled to Records Showing How Defendant Treated Similarly Situated Employees (Third Set, No. 13; Seventh Set, Nos. 2-3; Eighth Set, Nos. 8, 12; Redactions).**

Collectively, these requests seek comparator evidence, or records that demonstrate whether Defendant treated other similarly situated employees more favorably. Set 3, Request No. 13, seeks records of Washington employees who requested an accommodation similar to Plaintiff's, including working a reduced schedule, part-time schedule, limiting work to certain hours per day or week, or reassignment for the last five years. Defendant proposed limiting the scope to accommodation requests related to a disability or medical condition, only driver positions, and only those situations involving the same decision makers in the last 5 years. Wada Decl., Ex. E, pp. 5-6. Plaintiff agreed to limit the subject matter of this Request to only accommodation requests related to a disability or medical condition, and the scope of documents to the employee's request and Defendant's response (grant or deny). Defendant rejected this proposal and refused to produce *any* documents despite Rule 34(b)(2)(C)'s direction to "permit inspection of the rest" of the documents not withheld based on objections. Defendant has accommodated at least two male Drivers in Washington state specifically related to schedule modifications in the last 5 years. *See discussion infra* at § V(F), n.9. Set 7, Request Nos. 2-3 seeks more detailed documents specific to these comparators from the same Profit Center.

In a failure to accommodate case, "documents related to Defendant's employees who sought an accommodation and were granted one" constitute "relevant comparator evidence." *Matheson Flight Extenders, Inc.*, 2019 WL 1957710, at *2 (ordering discovery of records of all employees who had been provided an accommodation despite the fact that the request was not limited to similar

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 7
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   accommodation requests, requests related to disability or medical conditions, and situations involving
2   the same decision makers). Information related to Defendant's handling of similar accommodation
3   requests will show any differences in treatment of similarly situated employees. These documents are
4   relevant here because they bear on Defendant's intent, and may be used to demonstrate pretext and
5   show repeated conduct. *See Kelleher v. Fred Meyer Stores Inc.*, 302 F.R.D. 596, 599 (E.D. Wash.
6   2014) (ordering employer to identify and produce personnel files of other employees who had
7   requested or took the same leave as plaintiff) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899-
8   901 (9th Cir. 1994)). Discrimination, in large part, comes down to whether the employer treated
9   Plaintiff differently. Without full evidence of how Defendant treated her replacements and other
10  employees requesting similar accommodations, Plaintiff is substantially prejudiced.

11          Set 8, Request No. 8, seeks the personnel files of Darryl Lanier and Say Vongkhamchanh,
12  males drivers who filled the Driver 1 position formerly held by Plaintiff. Wong Decl., Ex. K, 28:2-10;
13  29:17; 62:25-63:3. Because other drivers are similarly situated to Plaintiff, this information is
14  particularly probative to show differences in treatment. *Kelleher*, 302 F.R.D. at 598 (recognizing the
15  appropriateness of comparator evidence to demonstrate internal inconsistency of defendant's handling
16  of similarly situated employees); *Ragge v. MCA/Universal*, 165 F.R.D. 601, 604 (C. D. Cal.
17  1995) (personnel files are discoverable in employment cases because they are relevant to the
18  employer's knowledge of adverse treatment, credibility of witnesses, and provide a means to compare
19  statements made in depositions to documents); *Lauer v. Longevity Med. Clinic PLLC*, C13-0860-JCC,
20  2014 WL 5471983, at *4 (W.D. Wash. Oct. 29, 2014) ("disparate treatment in terms of pay, promotion,
21  or discipline between employees" is "highly relevant" in employment discrimination lawsuit).

22          Further, Plaintiff is also entitled to unredacted documents referencing the profit shares/bonus
23  amount, gross wages and after-tax earnings, and wage salary amount of employees in the same position

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES - 8**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   as Plaintiff (Driver 1) at the Redmond Profit Center during her period of employment (**Redactions**).

2   *See* Wong Decl., Exs. F-G. Manager Johnson testified that he was the sole decision-maker who

3   determines which Drivers receive a profit share and/or bonus "profit share" bonuses. Wong Decl., Ex.

4   K, 278:10-280:1. Defendant has only produced two months (February and March 2019) and must

5   produce unredacted documents for the other months Plaintiff worked at Sunbelt. *See discussion of Set*

6   *8, Request No. 12, infra* at § V(E). Finally, the parties' Stipulated Protective Order (Dkt. # 40) will

7   protect the privacy of third parties. *See Michell v. Fishbein*, 227 F.R.D. 239, 253 (S.D.N.Y. 2005).

8   **D.    Plaintiff is Entitled to Records Showing Motive and Intent in the Creation of Attendance Records (Fourth Set, No. 2).**

9

10  These requests seek attendance logs Manager Johnson created and any discipline of employees

11  he took for attendance issues during his time at the Redmond location (June 2018 to present). Manager

12  Johnson maintained an attendance log specific to Plaintiff. Wong Decl., Exs. S; K, 227:17-228:5. He

13  testified that he created only "maybe 1 or 2" other similar documents. Wong Decl., Ex. K, 230:4-12.

14  Whether Johnson created an attendance log only for Plaintiff to find a way to get rid of her, or engaged

15  in a pattern and practice of logging attendance for certain categories of employees, such as women or

16  those with disabilities, is probative of his intent. These relevant attendance logs are discoverable.

17  **E.    Plaintiff is Entitled to Records Showing Any Undue Hardship Defendant Would Sustain From Accommodating Her (Third Set, No. 10; Fourth Set, No. 3; Eighth Set, Nos. 9, 12).**

18  These requests seek records demonstrating business needs that mandated Drivers at the

19  Redmond location to work more than 8 hours per day or that necessitated hiring a third party to

20  complete Drivers' tasks. Manager Johnson testified that he used an "outside vendor that picks up and

21  delivers our equipment" called a "third-party hauler" on a "daily" basis in 2019. Wong Decl., Ex. K,

22  69:8-22. The duties performed by third-party haulers overlapped with those of a Driver 1. *Id.* at 71:19-

23  25. Johnson testified that he could have used a third-party hauler to accommodate Plaintiff's requested

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES - 9**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

8-hour work limit but did not want to "[b]ecause it's very expensive." *Id.* at 161, 12-18. His initial response to Plaintiff's request to work no more than 8 hours per day was, "I am not sure how we can get all our pickups and deliveries completed and meet her requirements." Wong Decl., Ex. T, p.3. HR Director Gibson stated, "8 hours a day is too restrictive." *Id.* at Ex. AA. Defendant explicitly told Plaintiff that she must work "overtime as required per business needs[.]" *Id.* at Ex. U, p.1.

Plaintiff is entitled to discovery on the expenses and "business needs" that allegedly led Defendant to deny her accommodation request. Despite Johnson's testimony, Defendant asserts the requested documents are irrelevant because it has not expressly raised an undue hardship defense.[5] Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Reasonable accommodation may include "[a]djustments in job duties, work schedules, or scope of work." WAC 162-22-065(2)(a). Whether an accommodation is reasonable or an undue hardship is an "'either/or' proposition," but without instruction that the employer bears the burden of proof on undue hardship,[6] "the jury might mistakenly place the burden of proof entirely on the employee." *Erwin v. Roundup Corp.*, 110 Wn. App. 308, 317 (2002); *see also Easley v. Sea-Land Service, Inc.*, 99 Wn. App. 459, 471-72 (2000) ("If the jury learns only that the plaintiff must demonstrate reasonableness, the jury hears only half the story."). If the plaintiff presents evidence that her accommodation request was reasonable, the employer must show "the cost or difficulty is unreasonable in view of" "[t]he size of and the resources available to the employer," and "other appropriate considerations." WAC 162-22-075(1)-(3). Here, the requested documents reflecting

---

[5] Plaintiff offered to not seek documents related to undue hardship if Defendant agreed in writing that it would not raise any undue hardship defense at any point, but Defendant declined to do so. *See* Wada Decl., Ex. E, p. 4.

[6] The WLAD pattern jury instruction defining reasonable accommodation states, "An employer must provide a reasonable accommodation for [] [an employee] with a disability unless the employer can show that the accommodation would impose an undue hardship on the employer." Washington Pattern Jury Instr. Civ. 330.34 (7th ed., July 2019).

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES - 10**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Defendant's financial condition are relevant to whether the costs of Plaintiff's accommodation request were reasonable or whether Defendant's "business needs" rendered the request an undue hardship.

**F.     Plaintiff is Entitled to All of Defendant's Policy Relating to Disabilities (Sixth Set, No. 1; Eighth Set, No. 4).**

These requests seek documents regarding Defendant's "Return to Work" ("RTW") Program and employees who were considered for it in Washington. Defendant has produced only a one-page description. Wong Decl., Ex. V. Defendant's RTW Program provides modified duties and limited work schedules to employees who suffered workplace injuries. *Id.* at Ex. W. Defendant refused to accommodate Plaintiff's requested work limit of 8 hours per day, but had offered this very accommodation for two other male Drivers in Washington.[7] Johnson testified that he could have, but did not, offer a similar accommodation to Plaintiff. *Id.* at Ex. K, 148:2-14; 149:3-9.

Defendant asserts the RTW Program is irrelevant because only employees who have suffered a workplace injury are eligible. Wada Decl., Exs. O, p.2; Q, pp. 2-3. But a "Defendant should not be able to hide behind a policy of not creating light duty positions for employees with non-work-related disabilities when such a policy is unreasonable." *Washington v. Matheson Flight Extenders, Inc.*, 440 F.Supp.3d 1201, 1211 (W.D. Wash. 2020) (citing *Pulcino v. Federal Express Corp.*, 141 Wn.2d 629 (2000)). Defendant cannot obstruct discovery by hiding behind its workplace injury requirement for access to the RTW Program. It is for the jury, not Defendant, to decide whether denying Plaintiff an accommodation that is has provided to other Drivers was reasonable. *See id.* at 1212. The bottom line is that Defendant *could* have provided the accommodation that Plaintiff's physician recommended for her because it did so for at least 2 other Drivers.

**G.     Plaintiff is Entitled to Evidence of Defendant Sunbelt's Climate of Gender Bias (Seventh**

---

[7] Defendant provided Driver Dane Derocher, male, reduced hours of 4 hours per day, and flexible start and end times. Wong Decl., Ex. X. Defendant also provided Driver Patrick Papineau, male, modified job duties of 4 hours per day to restrictions listed and 4 hours to sedentary work. Wada Decl., Ex. H.

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 11
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**Set, No. 1; Third Admissions Set, Nos. 2-6).**

Plaintiff's Admissions Requests ask Defendant to admit that prior to Plaintiff's employment, Defendant had not employed a female driver at the Redmond location for the last 13 years. Plaintiff's Seventh Set, Request No. 1, requests documents showing whether there are female drivers on the West Coast. Requests relating to other female drivers are relevant to Plaintiff's claim of hostile work environment because of sex. Whether Defendant employed very few or no other female drivers is probative of its general attitude or hostility toward women as a group. *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) ("an employer's conduct tending to demonstrate hostility toward a certain group is both relevant and admissible."). Further, statistical evidence tending to show that an employer discriminated against a certain group in hiring is probative of discrimination. *Id*. at 1480 (*citing Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988) (court erred in excluding workforce composition statistics as evidence of discrimination)). In *Estes*, the court determined that the jury was entitled to evaluate hiring and employment statistics in a race discrimination case, finding it probative "of whether discrimination motivated a particular employee's treatment." *Estes*, 856 F.2d at 1103.

Background evidence concerning an employer's workforce is material in a disparate treatment case. *See id*. at 1103-04. This includes Defendant's practices of excluding female drivers, and Defendant has a duty to produce responsive documents and answer Plaintiff's Admissions Requests.

**H.    An Award of Reasonable Attorney's Fees is Warranted.**

Rule 37 mandates an award of reasonable fees to a party forced to file a motion to compel. *See* Fed. R. Civ. P. 37(a)(5). Plaintiff made many attempts to resolve these issues with Defendant prior to bringing this Motion, including providing relevant case law and affording Defendant every reasonable opportunity work with Plaintiff to find a compromise. Defendant's repeated refusal to fully respond to Plaintiff's relevant and proportional discovery requests necessitated the filing of this Motion. More

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 12
Case No. 2:20-cv-00564-TSZ

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

importantly, Defendant violated Rule 34(b)(2)(C) by refusing to produce *any* documents when "[a]n objection to part of a request must specify the part and permit inspection of the rest." Thus, Plaintiff requests a reimbursement of reasonable attorney's fees.

### VI.   CONCLUSION

Defendant's failure to abide by the Federal Rules continues to obstruct the discovery process. This Court should not allow this repeated pattern of gamesmanship, which has resulted in three motions to compel. Plaintiff respectfully requests that Defendant be compelled to fully respond to Plaintiff's Discovery Requests and Admissions Requests, including producing all responsive documents, within seven (7) days of this Court's order; and be awarded her reasonable attorney's fees.

### VII.   CERTIFICATE OF COMPLIANCE WITH LCR 37

On April 22 & 23, 2021, Plaintiff's counsel Jordan T. Wada met and conferred with defense counsel Yash B. Dave and Patricia J. Hill via telephone regarding Defendant's responses to Plaintiff's Third Discovery Requests. Wada Decl., ¶¶ 6-7. On June 1, 2021, Wada conferred with Dave and Hill via telephone regarding Defendant's Redactions, responses to Plaintiff's Third Admissions Request, and responses to Plaintiff's Third, Fourth, and Fifth Discovery Requests. *Id.* at ¶ 12. On July 21, 2021, Plaintiff's counsel Wada and Isabel S. Johnson conferred with Dave via telephone regarding Defendant's responses to Plaintiff's Seventh and Eighth Discovery Requests. *Id.* at ¶ 19.

### VIII.   PROPOSED ORDER

A proposed order seeking the relief requested is attached.

**DATED** July 8, 2021.

**AKW LAW, P.C.**

*/s/ Ada K. Wong*
Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES - 13**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1
2
3
4

Attorneys for Plaintiff
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES - 14**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Shane P. Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
E-mail: shanec@harriganleyh.com
E-mail: conniej@harriganleyh.com
*Counsel for Defendant Sunbelt Rentals, Inc.*

Patricia J. Hill
Yash B. Dave
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
E-mail: pjhill@sgrlaw.com
E-mail: ydave@sgrlaw.com
E-mail: cmarsh@sgrlaw.com
E-mail: dcote@sgrlaw.com
E-mail: ijones@sgrlaw.com
E-mail: callard@sgrlaw.com
*Pro hac vice Counsel for Defendant Sunbelt Rentals, Inc.*

Isabel Johnson
LAW OFFICE OF ISABEL S. JOHNSON, PLLC
748 Market Street #15
Tacoma WA 98402
E-mail: isabel@isjlaw.com
*Co-Counsel for Plaintiff*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: July 8, 2021, at Mountlake Terrace, Washington.

*/s/ Kaila A. Eckert*
Kaila A. Eckert

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES - 15
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529