# EXHIBIT Q

**TO THE DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES**



June 15, 2021

***Sent via E-mail to*** *shanec@harriganleyh.com; conniej@harriganleyh.com; pjhill@sgrlaw.com; ydave@sgrlaw.com; dcote@sgrlaw.com; ijones@sgrlaw.com; callard@sgrlaw.com*

Patricia J. Hill
Yash B. Dave
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202

Shane P. Cramer
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

> **RE:** ***Horman v. Sunbelt Rentals, Inc., et al.***
> **Western District of Washington – Seattle | Case No. 2:20-cv-00564**
> **Defendant's Discovery Deficiencies (Letters Dated May 28, 2021, June 6, 2021, and June 7, 2021)**

Dear Counsel:

Thank you for your letter dated June 11, 2021. In efforts to streamline our meet and confer conference scheduled for **Thursday, June 17, 2021, at 10 a.m.**, please see below responses to your letter where we have not reached an impasse. We hope to be able to resolve these matters in efforts to not bother the court.

### Plaintiff's Third Set of Requests for Production

**Request No. 4:** Although we disagree with your assertion, please see: "[I]f a handicapped employee is qualified for a job within an employer's business, and an opening exists, the employer must take affirmative steps to help the handicapped employee fill the position." *Clarke v. Shoreline Sch. Dist.* 412, 106 Wn.2d 102, 121 (1986) (emphasis original) (citing *Dean v. Mun. of Metro. Seattle*, 104 Wn.2d 627, 639 (1985)). Please advise whether Defendant will produce the responsive documents.

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
**RE:** *Horman v. Sunbelt Rentals, Inc., et al. – Defendant's Discovery Deficiencies (Letters Dated 5/28/21, 6/6/21, and 6/7/21)*
Page 2 of 3

**Plaintiff's Fourth Set of Requests for Production**

**Request No. 2:** It appears we have reached an impasse.  Should Defendant believe otherwise or wish to discuss, we welcome it.

**Plaintiff's Fifth Set of Requests for Production**

**Request No. 3:** Since the parties have had disputes regarding ESI scope, we ask that Defendant provide the scope it used for this search.

**Plaintiff's Sixth Set of Requests for Production**

**Request No. 1:** See *Pulcino v. Federal Express Corp.*, 141 Wn.2d 629, 645 (2000): "An employer should not be able to hide behind a policy of not providing light duty for part-time employees when such a policy is unreasonable. In an era where some employers rely heavily on a part-time workforce, such a policy may be subject to question. The extent that FedEx utilized part-time employment and the reasonableness of its no light duty policy will be questions for the jury." (citations omitted).  As such, Sunbelt's Return to Work policy is highly relevant and discoverable. Please advise whether Sunbelt will produce the responsive documents.

**Request No. 2:** To the extent that Sunbelt does provide no-call/no-show letters, as well as Separation Notices to its employees regarding no-call/no-show, we are seeking these responsive documents.  This is limited to two years and in Washington state.  We are specifically requesting letters, Notices, and e-mails responsive to this Request.  We can also limit the custodians for the ESI search to: Mariana Troy, Vicky Gibson, Lee Reed, Brent Johnson, and Anthony (Tony) Bariel.

**Request No. 3:** We appreciate Defendant's offer for a compromise, however, Defendant's proposal is too restrictive.  Sunbelt's position is that it could not accommodate a modified work schedule for Ms. Horman because the Redmond Profit Center did not have enough time to get the deliveries and pickups completed/meet the "business needs".  Plaintiff has the right to test whether Sunbelt's assertion is true.  As such, the drivers' work schedules and hours worked after Ms. Horman's separation from Sunbelt is highly relevant.  Whether the other drivers had to work additional hours after Ms. Horman's separation is relevant to this case.  Because Defendant has a duty to produce responsive documents it does not object to, we ask that Defendant produce what it is agreeable to: "time block entries for Dane DeRocher, Patrick Papineau, Oscar Martinez, and David Sabin from June 1, 2018 through April 26, 2019."  *See* Fed. R. Civ. Proc. 34(b)(2)(C).  We ask Defendant to reconsider its position so the parties do not have to bother the court with this issue.

Patricia J. Hill, Yash B. Dave, and Shane P. Cramer
**RE:** *Horman v. Sunbelt Rentals, Inc., et al. – Defendant's Discovery Deficiencies (Letters Dated 5/28/21, 6/6/21, and 6/7/21)*
Page 3 of 3

### Defendant's Produced – Redactions

   Please advise as to Defendant's position regarding providing the unredacted information as outlined in our May 20, 2021 letter:

- **SB/Horman-DEF01407, 01640** – we seek unredacted information for the following: Dane DeRocher, Oscar Martinez, David Sabin, and any other Drivers on this document.  These are Ms. Horman's comparators and this information is relevant to determine the credibility of Defendant's position regarding the need for Drivers to work overtime.  Further, Mr. Johnson testified that he decides who receives a profit share and/or bonus.  We have the right to see how he is distributing these funds amongst said employees.

   I look forward to further discussing with you this Thursday in hopes to reach a resolution on the above issues.  Thank you.

       Sincerely,

       **AKW LAW, P.C.**

       **Ada K. Wong**
       Attorney at Law
       ada@akw-law.com
       (206) 886-7886

Cc:  AKW/JTW/kae
   ISJ