1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JILLIAN HORMAN, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>SUNBELT RENTALS, INC., *et al.*<br><br>                              Defendants. | Case No. 2:20-cv-00564-TSZ<br><br>**PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY AND FOR ATTORNEY'S FEES**<br><br>**NOTE ON MOTION CALENDAR:**<br>Friday, July 23, 2021<br><br>Without Oral Argument |

## I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Jillian Horman respectfully moves for an order compelling Defendant Sunbelt Rentals, Inc. ("Sunbelt") to provide deposition testimony. Defendant objected and instructed its witnesses not to answer questions asking for their home addresses. Defense counsel then agreed to accept service of process for trial if the witnesses are employed by Sunbelt, and if not, to provide last known addresses and telephone numbers. As such, Plaintiff attempted to serve Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action, requesting defense counsel confirm acceptance of process on behalf of their employee witnesses. Defendant refused. The parties met and conferred, and Defendant again refused to accept service of process and refused to provide the witnesses' addresses. Defendant also agreed to provide a non-

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   employee witness's address off the record if she was needed for trial purposes.  When asked off the

2   record, defense counsel refused.  As such, this Motion follows.

3                           **II.     RELIEF REQUESTED**

4           Plaintiff Horman respectfully requests this Court to compel Defendant to answer deposition

5   questions eliciting home addresses for  Brent Johnson, Vicky Gibson, Anthony ("Tony") Bariel,

6   Mariana Stout, Margarita Gensler, and William ("Perry") Cook.  In lieu of reconvening six depositions

7   for this information, Plaintiff is amenable to Defendant providing this information in writing signed

8   under penalty of perjury by the witnesses (*ie.*, declarations).  Plaintiff also requests reimbursement of

9   reasonable attorney's fees for bringing this Motion, which was necessitated by Defendant's

10  gamesmanship, improper objections and instructions not to answer deposition questions, agreeing to

11  accept service for trial purposes for employees and providing a non-employee's address off the record,

12  and then reneging.

13                          **III.     RELEVANT BACKGROUND**

14          Plaintiff's counsel took the depositions of the below Defendant's employee witnesses on the

15  following dates:

16      •   May 18, 2021 – Profit Center Manager Brent Johnson.  Wong Decl., ¶ 2, Ex. A.

17      •   May 25, 2021 – Director of Human Resources Vicky Gibson.  Wong Decl., ¶ 3, Ex. B.

18      •   May 26, 2021 – Seattle Pump Solutions Profit Center Manager Anthony ("Tony") Bariel.

19          Wada Decl., ¶ 3, Ex. A.

20      •   June 8, 2021 – Former Human Resources Generalist Mariana Stout. Wada Decl., ¶ 4, Ex.

21          B.

22      •   June 22, 2021 – Benefits Specialist Margarita Gensler.  Wong Decl., ¶ 4, Ex. C.

23      •   July 1, 2021 – District Manager William ("Perry") Cook.  Wada Decl., ¶ 6.

PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY - 2
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1        During these depositions, Plaintiff's counsel asked for their home addresses.  Defense counsel

2    objected and instructed the witnesses not to answer.  The witnesses followed defense counsel's

3    instructions and did not answer.  Defense counsel agreed to accept service of process for trial purposes

4    for these employee witnesses.  *See* Wong Decl., Exs. A-C; Wada Decl., Exs A-B, ¶ 6.  For non-

5    employee witness Mariana Stout, defense counsel agreed to provide her home address off the record

6    if she was needed for trial purposes, and Plaintiff's counsel asserted that Ms. Stout was needed for

7    trial purposes.  Wada Decl., Ex. B (Stout Dep.), 10:15-11:6.

8        On June 23, 2021, Plaintiff sent defense counsel Subpoenas to Appear and Testify at a Hearing

9    or Trial in a Civil Action for Johnson, Reed, Gensler, Troy, Cook, Bariel, and Gibson.  Wong Decl.,

10    Ex. D.  When asked to confirm whether defense counsel will accept service, they declined to provide

11    any definitive response other than that they would not accept service for Ms. Stout, asserting "she

12    cannot be required to appear in person for the trial."  *Id.* at Ex. E.  On July 2, 2021, counsel met and

13    conferred.  Wada Decl., ¶ 7.  During the conference, defense counsel confirmed they will not accept

14    service for theses witnesses nor will they provide Ms. Stout's address as previously promised.  Wada

15    Decl., ¶ 7, Ex. C.

16        It is also noteworthy that defense counsel asked for Plaintiff Horman's home address during

17    her deposition (and it was provided with no objection).  Wada Decl., ¶ 2.  Defense counsel also asked

18    for the home addresses of lay witnesses Tim Champion, Kimberly Shaw Leece, Theresa Fogg, which

19    these witnesses, who are friends of Plaintiff, provided.  *Id.* at ¶ 5.

20                           **IV.**    **ISSUES PRESENTED**

21        1.      Whether this Court should issue an order compelling Defendant to comply with Federal

22    Rule 30; and

23        2.      Whether this Court should award reasonable attorney's fees to Plaintiff.

PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY - 3
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## V.    **EVIDENCE RELIED UPON**

In support of this Motion, Plaintiff relies upon the Declarations of Ada K. Wong and Jordan T. Wada, and the attachments thereto; and the files and pleadings herein.

## VI.    **AUTHORITY AND ARGUMENT**

**A.    Deponents Should Be Compelled to Answer Non-Privileged Questions**

Federal Rule of Civil Procedure 26 provides that "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(C)(2). Under Federal Rule 37, a party may move for an order compelling an answer, designation, production, or inspection if "a deponent fails to answer a question asked under Rule 30 or 31."  Fed. R. Civ. P. 37(a)(1); (a)(3)(B)(i).

Here, Plaintiff seeks an order pursuant to Federal Rule 37(a)(3)(B)(i) compelling Defendant witnesses to allow Plaintiff to obtain answers to questions in a deposition – specifically, their home addresses.   "[A] person may instruct a deponent not to answer only when necessary to preserve a privilege." *See Campbell v. Gerrans*, 592 F.2d 1054, 1056 (9th Cir. 1979); Fed. R. Civ. P. 30(C)(2). What is privileged is defined by the Federal Rules of Evidence.  A witness's address is undeniably not privileged. *See, e.g., Frank v. Cascade Healthcare Cmty., Inc.*, 6:11-CV-06402-AA, 2013 WL 6002442, at *4, *6 (D. Or. Nov. 5, 2013) (compelling the plaintiff to provide her residential address).

Further, Federal Rule 30(c) provides that "[e]vidence objected to shall be taken subject to the objections."  If defense counsel believed a question is improper, they may seek a protective order with

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY - 4**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   the Court.  *See* Fed. R. Civ. P. 26(c).  Otherwise, when an objection is made, it should be noted on the

2   record, but the question must be answered.  *See, e.g., Moba v. Total Transportation Services, Inc.*,

3   2014 WL 12539079 *1 (W.D. Wash. 2014); *see also Ralston Purina Co. v. McFarland,* 550 F.2d 967,

4   974 (4th Cir. 1977) ("Courts have held that '[c]ounsel for party had no right to impose silence

5   or instruct witnesses not to answer and if he believed questions to be without scope of orders he should

6   have done nothing more than state his objections.'" (quoting *Shapiro v. Freeman,* 38 F.R.D. 308

7   (D.C.N.Y.1965)).

8          As such, these witnesses should be compelled the provide their home addresses in a deposition.

9   However, in lieu of reconvening six of depositions, Plaintiff merely seeks declarations under penalty

10  of perjury from these witnesses for their home addresses.

11  **B.      Plaintiff is Entitled to Reasonable Attorney's Fees**

12         Federal Rule of Civil Procedure 37 mandates an award of reasonable fees to a party forced to

13  file a motion to compel:

14     *If the Motion Is Granted ( . . . or Discovery Is Provided After Filing).* If the motion is granted—
       or if the disclosure or requested discovery is provided after the motion was filed—the court
15     must, after giving an opportunity to be heard, require the party or deponent whose conduct
       necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's
16     reasonable expenses incurred in making the motion, including attorney's fees….

17  Fed. R. Civ. P. 37(a)(5).

18         Plaintiff has exhausted all attempts to resolve these issues before being forced to file this

19  Motion.  During these depositions, defense counsel agreed to "accept service of any process for

20  purposes of trial" if the witnesses are employed by Defendant.  *See, e.g.,* Wada Decl, Ex. A (Bariel

21  Dep.), 4:14-24.  For non-employee Mariana Stout, defense counsel stated: "We will provide that

22  address off the record if she is needed for trial purposes.  So down the road, if it is needed for trial

23  purposes, we will provide it.  It's not going on the record."  *Id.* at Ex. B, (Stout Dep.), 10:15-21.

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY - 5**
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Plaintiff's counsel stated that Ms. Stout will be needed for trial purposes, followed by defense counsel stating: "She's currently not an employee of Sunbelt.  If a at the point of trial things change, who knows? Life takes different turns, but if you need her address down the road, we will provide her address down the road to you. But it's not going on the record, sir, again, for privacy issues." *Id.* at 11:1-6.  Plaintiff's counsel promised to do his "best to protect her privacy." *Id.* at 11:7-9.  Defense counsel continued to refuse to allow Ms. Stout to answer with her home address. *Id.* at 11:10-19.

Following these depositions, on June 23, 2021, Plaintiff sent Defendant Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action for witnesses Johnson, Reed, Gensler, Troy, Cook, Bariel, and Gibson.  Wong Decl., Ex. D.  When asked to confirm whether defense counsel will accept service, they declined to provide a response except to refuse to accept service for Ms. Stout, so counsel met and conferred. *Id.* at Ex. E, Wada Decl., Ex. C.  During the conference, defense counsel confirmed they will not accept any service of these subpoenas, effectively reneging their assertions on the record during the depositions.  Wada Decl., Ex. C.  Defense counsel also now refuses to provide Ms. Stout's home address off the record, again reneging on her assertion during Ms. Stout's deposition. *See id.* at Ex. C; Ex. B, 10:15-11:6.

Plaintiff expects that Defendant will re-assert that trial is not until January 2022.  However, there is no requirement that a party has to wait until the eve of trial to serve subpoenas for trial testimony.  Moreover, motions related to discovery are due by August 26, 2021, an approaching deadline within which this Motion falls.  Unless Defendant will agree to accept all subpoenas prior to August 26, 2021, this Motion is ripe and timely.  As such, based on Defendant's conduct, Plaintiff should be entitled to reimbursement of attorney's fees for this Motion.

## VII.   <u>CONCLUSION</u>

This is Plaintiff's fourth motion to compel discovery in a case that Defendant agrees that

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  "Plaintiff's claims are relatively straightforward."  Dkt. # 30, 9:6-7.  Questions asking for a witness's

2  home address are proper and defense counsel violated the Federal Rules when they instructed the

3  witnesses not to answer, all the while agreeing to accept service and provide an address off the record.

4  When that time came, defense counsel reneged.  As such, Plaintiff seeks an order compelling these

5  answers within seven (7) days of this Court's order, and to be awarded her reasonable attorney's fees.

6  ### VIII.   CERTIFICATE OF COMPLIANCE WITH LCR 37

7  On July 2, 2021, Plaintiff's counsel Jordan T. Wada met and conferred with defense counsel

8  Yash B. Dave and Patricia J. Hill via telephone related to the subject of this Motion.  Wada Decl., ¶

9  7.

10  ### IX.   PROPOSED ORDER

11  A proposed order seeking the relief requested is attached.

12  **DATED** July 8, 2021.

13  **AKW LAW, P.C.**

14  */s/ Ada K. Wong*_____
   Ada K. Wong, WSBA #45936
15  Jordan T. Wada, WSBA #54937
   Attorneys for Plaintiff
16  6100 219th St. SW, Suite 480
   Mountlake Terrace, WA 98043
17  Tel.: (206) 259-1259
   Fax: (855) 925-9529
18  E-mail: ada@akw-law.com
   E-mail: jordan@akw-law.com

19

20

21

22

23

PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY - 7
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on July 8, 2021, I caused to be electronically filed the foregoing document

3     with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

4     the following:

5          Shane P. Cramer
           Harrigan Leyh Farmer & Thomsen LLP
6          999 Third Avenue, Suite 4400
           Seattle, WA 98104
7          E-mail: shanec@harriganleyh.com
           E-mail: conniej@harriganleyh.com
8          *Counsel for Defendant Sunbelt Rentals, Inc.*

9          Patricia J. Hill
           Yash B. Dave
10         Smith, Gambrell & Russell, LLP
           50 North Laura Street, Suite 2600
11         Jacksonville, FL 32202
           E-mail: pjhill@sgrlaw.com
12         E-mail: ydave@sgrlaw.com
           E-mail: dcote@sgrlaw.com
13         E-mail: ijones@sgrlaw.com
           E-mail: callard@sgrlaw.com
14         *Pro hac vice Counsel for Defendant Sunbelt Rentals, Inc.*

15         Isabel Johnson
           LAW OFFICE OF ISABEL S. JOHNSON, PLLC
16         748 Market Street #15
           Tacoma WA 98402
17         E-mail: isabel@isjlaw.com
           *Co-Counsel for Plaintiff*
18

19         I declare under penalty of perjury under the laws of the state of Washington that the foregoing

20    is true and correct.

21         DATED: July 8, 2021, at Mountlake Terrace, Washington.

22                                   */s/ Kaila A. Eckert*
                                     Kaila A. Eckert
23

PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY - 8
Case No. 2:20-cv-00564-TSZ

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529