UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILLIAN HORMAN,

        Plaintiff,

v.

SUNBELT RENTALS, INC.; DOES 1–100; CORPORATIONS XYZ 1–100,

        Defendants.

C20-564 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Sunbelt Rentals, Inc.'s motion, docket no. 95, to exclude the testimony of plaintiff's expert Judith Clark, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

    (a) To the extent that Clark's opinions draw legal conclusions, attempt to tell the jury how to decide ultimate issues in the case, simply repeat facts about which percipient witnesses will testify, try to vouch for the veracity of plaintiff's account of events, and/or exceed the scope of her expert report, Ex. C to Dave Decl. (docket no. 96-3), defendant's motion is GRANTED. See *Easton v. Asplundh Tree Experts, Co.*, No. C16-1694RSM, 2017 WL 4005833, at *3 & 5 (W.D. Wash. Sep. 12, 2017) ("expert testimony that merely tells the jury what result to reach is inadmissible" and "expert testimony that consists of legal conclusions is unhelpful and inadmissible"); *Hollen v. Chu*, No. CV-11-5045-EFS, 2013 WL 5306594, at *5 (E.D. Wash. Sep. 19, 2013) (excluding Clark's opinions to the extent they would invade the province of the jury, but indicating that Clark could testify about "1) what the 'interactive process' is, 2) what a 'reasonable accommodation' looks like, and 3) how employers typically engage in the process of accommodating disabled employees," as well as what steps the plaintiff and the defendant took during the attempted accommodation process); *EEOC v. Sierra*

MINUTE ORDER - 1

*Pac. Indus.*, No. 2:08-cv-1470-MCE, 2010 WL 3941416, at *1 (E.D. Cal. Oct. 5, 2010) (ruling that a human resources expert could opine about whether the defendant's management exercised the appropriate standard of care in acting on complaints of disparate treatment and harassment, as well as the adequacy of the defendant's policies in those areas, but would not be allowed to offer testimony about whether the complainant suffered disparate treatment or retaliation or whether a hostile work environment existed); *Hernandez v. City of Vancouver*, No. C04-5539 FDB, 2009 WL 279038, at *5 (W.D. Wash. Feb. 5, 2009) ("The proposed testimony [of the plaintiff's expert] would concern facts that percipient witnesses will know; facts that are not particularly technical or needy of translation into lay language. . . .  [W]hether . . . those facts establish discrimination is not for the expert to say; she was not a participant."); *see also* Fed. R. Civ. P. 26(a)(2) & 37(c)(1); *Lacey Marketplace Assocs. II, LLC v. United Farmers of Alberta Coop. Ltd.*, Nos. C13-383 & C13-384 JLR, 2015 WL 2345176, at *8 (W.D. Wash. May 14, 2015).

   (b) To the extent that defendant seeks to entirely preclude Clark from testifying at trial, its motion is DENIED.  Clark will be permitted to testify along the lines set forth in *Hollen*, 2013 WL 5306594, at *5, to the extent consistent with and limited by her report.  The Court will monitor Clark's testimony during trial to ensure that she does not attempt to "impermissibly usurp the jury's role in deciding this case," *Sierra Pac.*, 2010 WL 3941416, at *1.  With respect to the exact boundaries of the opinions that Clark may offer, defendant's motion is DEFERRED to trial.

   (c) Defendant's request for an opportunity to depose Clark in advance of trial is GRANTED.  Defendant may depose Clark at a mutually convenient time on or before January 7, 2022.

 (2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 6th day of December, 2021.

                Ravi Subramanian
                Clerk

                s/Gail Glass
                Deputy Clerk

MINUTE ORDER - 2