UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILLIAN HORMAN,

Plaintiff,

v.

SUNBELT RENTALS INC.,

Defendant.

C20-564 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion in limine, docket no. 110, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

1. The unopposed motion to exclude evidence, testimony or arguments relating to front pay or back pay following April 24, 2019 is GRANTED.

2. The unopposed motion to exclude evidence, testimony, or reference concerning whether Defendant maintained liability insurance is GRANTED.

3. The unopposed motion to exclude evidence, testimony or reference concerning Plaintiff's Partial Motion for Summary Judgment or Defendant's Motion for Summary Judgment is GRANTED.

4. The unopposed motion to exclude Plaintiff's visible display of religious objects (including a rosary or prayer beads) when in view of the jury is GRANTED.

5. Motion to exclude any evidence, testimony or arguments relating to Plaintiff's dismissed causes of actions and the specific allegations contained therein, including Plaintiff's dismissed sex discrimination

claim is GRANTED in part and DENIED in part. The motion is GRANTED as to Plaintiff's dismissed claims for negligent supervision and failure to train, intentional infliction of emotional distress, and negligent infliction of emotional distress. The motion is DENIED as to Plaintiff's dismissed claim for sex discrimination. Allegations related to Plaintiff's dismissed claim for sex discrimination may be relevant to her claim for hostile work environment on the basis of sex.

6. The motion to preclude Plaintiff from introducing any evidence of Sunbelt's financial condition, worth, or size is GRANTED.

7. The motion to exclude any testimony by Plaintiff's family and friends regarding what Plaintiff told them about her employment with Sunbelt, emotional or mental distress, or medical treatment is DENIED in part. The evidence might be admissible as an exception to the hearsay rule as a then-existing mental, emotional, or physical condition under Rule 803(a)(3). The motion is otherwise DEFERRED to the Pretrial Conference.

8. The motion to exclude any evidence, testimony, or arguments relating to text messages Plaintiff exchanged with her former Sunbelt co-worker, Dane DeRoacher, after her employment ended is GRANTED.

9. The motion to preclude any reference to Plaintiff's religion, religious preference, or participation in non-secular activities and preclude Plaintiff from showing a rosary or prayer beads during trial is GRANTED.

10. The motion to exclude any reference, evidence, statement or argument that Plaintiff's request for a reasonable accommodation was based on any medical conditions other than elevated blood pressure is GRANTED.

11. The motion to exclude any witnesses' use of the terms 'discrimination,' 'retaliation,' 'harassment,' or 'adverse employment action' is DENIED.

12. The motion to exclude any evidence, statement, or argument related to Plaintiff's conjecture concerning other employees who were not disciplined for getting into a vehicle accident is GRANTED. The evidence is an out-of-court statement being offered for the truth of

the matter asserted and does not fall within an exception to the hearsay rule.

13. The motion to exclude any evidence, statement, or argument related to statements that Perry Cook does not like female drivers is DEFERRED to the Pretrial Conference. The parties should be prepared to address whether the statements are admissible under Rule 801(d).

14. The motion to exclude evidence, testimony or arguments that there was a reasonable likelihood that working without an accommodation would have aggravated Plaintiff's elevated blood pressure/medical condition to the extent it would create a substantially limiting effect is DENIED.

(2) Plaintiff's motion in limine, docket no. 112, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

1. The motion to exclude testimony or argument regarding the timing and circumstances of Plaintiff's retention of attorneys is GRANTED in part as to the circumstances for the retention of an attorney; the motion is otherwise DENIED.

2. The motion to prohibit Defendant from discussing or suggesting to the jury the fact that Plaintiff has not called to testify any current/former Sunbelt employees/witnesses outside of Plaintiff's subpoena power is DEFERRED until trial. The Court cannot rule on this motion without knowing which witnesses and evidence will be presented at trial. See Mitchell v. City of Tukwila, No. C12-238, 2013 WL 6631791, at *4 (W.D. Wash. Dec. 17, 2013).

3. The motion to prohibit any attempt by Defendant, their attorneys, or their witnesses, to make reference to or allude to probable testimony of any witness who does not appear to testify at the time of trial, regardless of the reason for the witness' absence is DEFERRED until trial.

4. The motion to exclude non-party witnesses from the virtual courtroom during the trial, even after testifying, if they may be called as rebuttal witnesses is GRANTED.

5. The motion to exclude Brent Johnson's allegation that Horman locked her dog in her car in the heat and insinuations of dog abuse or neglect is DENIED.

6. The motion to exclude testimony that Sunbelt offered Horman an accommodation or took positive steps to help her find an alternative position is DENIED to the extent it would preclude Sunbelt from introducing evidence that it was in the process of evaluating Plaintiff's claims of disabilities and that Sunbelt may have been engaged in a dialogue with Plaintiff.

7. The motion to exclude evidence of non-supervisory/non-managerial co-workers' opinions of Plaintiff's job performance is DENIED.

8. The motion to exclude evidence, including witness opinions or testimony consisting of personal opinions of Plaintiff's character or reputation by Defendant and any of Defendant's current or former employees is DENIED.

9. The motion to exclude evidence, testimony, or argument that Plaintiff had performance issues that were not documented in her formal personnel/employment file and/or testified to by the designated Sunbelt representative during the Rule 30(b)(6) deposition is DENIED.

10. The motion to exclude medical opinions from non-doctors is GRANTED.

11. The motion to exclude evidence, testimony, and argument that the Federal Motor Carrier Safety Administration standards justified or required putting Plaintiff on leave is GRANTED.

12. The motion to exclude evidence or testimony that accommodating an 8 hour per day restriction was unreasonably costly or unduly burdensome in cost is GRANTED, provided, however, Defendant is not precluded from offering evidence as to the causal nexus between the elevated blood pressure and Plaintiff's request for an 8 hour per day restriction.

13. The motion to exclude evidence, testimony, and argument regarding the Faragher defense to hostile work environment is DENIED.

14. The motion to exclude evidence, testimony, or argument in reference to any investigations, determinations, findings, or conclusions by the Washington State Employment Security Department ("ESD") regarding Plaintiff's claims is GRANTED in part and DENIED in part. The motion is GRANTED as to investigations, determinations, findings, or conclusions by the Washington State ESD. The motion

is DENIED as to documents Horman drafted to apply for ESD benefits and Plaintiff's responses to questions at her deposition or in response to interrogatories relating to the events of May 15, 2019.

15. The motion to exclude evidence, testimony, and argument regarding Plaintiff's hours worked, accommodation requests, or accommodations offered or provided in subsequent employment after separating from Sunbelt is DENIED.

16. The motion to exclude questioning or testimony on the closed child custody suit between Plaintiff and Tom and Marry Horman, including provider notes and testimony regarding conflicts with birth/adoptive parents and child custody suit is DEFERRED to the Pretrial Conference. The parties should be prepared to the address at the Pretrial Conference whether the evidence is admissible because of Plaintiff's request for emotional damages.

(3) The parties' joint motion in limine, docket no. 114, is GRANTED in part and DEFERRED in part, as follows:

1. The joint motion to exclude evidence, insinuation, reference, or argument regarding settlement demands, settlement offers, and settlement negotiations is GRANTED.

2. The joint motion to exclude evidence and references to Plaintiff's attorney's fees or fee structure and to exclude attorneys as witnesses is GRANTED.

3. The joint motion to permit Plaintiff to call witnesses Brent Johnson, Anthony "Tony" Bariel, Cheryl Black, William "Perry" Cook, Vicky Gibson, Margarita Gensler, Lee Reed, and Mariana Stout in her case-in-chief and to examine them through leading questions is GRANTED.

4. The joint motion to prohibit counsel from discussing or suggesting to the jury the fact that Plaintiff chose not to call Judith "Judy" Clark, should Plaintiff choose not to do so is GRANTED.

5. The joint motion to exclude non-party witnesses from the virtual courtroom during the trial before they testify, with the exception of either Cheryl Black or Vicky Gibson, who, depending on the day of trial, will be serving as Defendant's party representative at trial is GRANTED.

6. The joint motion for counsel to provide the names of witnesses they plan to call the next court day at the end of each day of trial is GRANTED.

7. The joint motion to exclude the fact that the parties have filed motions in limine is GRANTED.

8. The joint motion to prevent the parties from suggesting disdain for the civil justice system, or any passion or prejudice against civil lawsuits is GRANTED.

9. The joint motion for counsel and witnesses to be instructed to not make any reference to what Plaintiff may do with any proceeds from this case is GRANTED.

10. The joint motion to exclude evidence, testimony, or argument from Defendant regarding the termination and/or separation of Plaintiff that was not relied upon by Sunbelt at the time of its decision to separate Plaintiff's employment, including any after-acquired evidence, unless raised at trial is DEFERRED to the Pretrial Conference.

11. The joint motion to exclude documentary evidence previously requested through discovery by the parties and not disclosed by the parties in response to discovery requests including interrogatories, requests for production, and requests for admissions, except where used from impeachment purposes is DEFERRED to the Pretrial Conference.

12. The joint motion to exclude evidence, testimony, or argument in reference to any investigations, determination, findings, or conclusion by the EEOC and WSHRC regarding Plaintiff's claims is GRANTED.

13. The joint motion to exclude evidence, testimony, or argument regarding Plaintiff's wages or benefits at employment subsequent to Sunbelt is GRANTED.

14. The joint motion for Plaintiff and Defendant to agree not to introduce evidence, testimony, or argument regarding the reason for Plaintiff's separation from subsequent employers is GRANTED.

15. The joint motion to exclude evidence, testimony, or arguments relating to front pay or back pay following April 24, 2019 is DEFERRED to the Pretrial Conference.

16. The joint motion to exclude evidence, testimony, or reference concerning whether Defendant maintained liability insurance is GRANTED.

17. The joint motion to exclude evidence, testimony, or reference concerning Plaintiff's Partial Motion for Summary Judgment or Defendant's Motion for Summary Judgment is GRANTED.

18. The joint motion to exclude Plaintiff's visible display of religious objects (including a rosary or prayer beads) when in view of the jury is GRANTED.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of January, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk