UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILLIAN HORMAN,

        Plaintiff,

   v.

SUNBELT RENTALS, INC.,

        Defendant.

C20-564 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1)    The Court deferred ruling, docket no. 139, on certain of Defendant's motion in limine, docket no. 110. The deferred portions of Defendant's motion in limine are GRANTED in part, and DEFERRED in part, as follows:

         a.    The Court DEFERS to trial Motion No. 7 to exclude any testimony by Plaintiff's family and friends regarding what Plaintiff told them about her employment with Sunbelt, emotional or mental distress, or medical treatment. The testimony may be admissible under Rule 803(1) or (2) as a present sense impression or an excited utterance. Additionally, testimony by witnesses with personal knowledge or observations of Plaintiff's harm may be admissible. The Court, however, will limit the number of witnesses who may testify about Plaintiff's emotional harm. The testimony will not be admitted when the witness is merely reporting what Plaintiff told them. Plaintiff may testify about what happened and what she told another person, but that person's report would be hearsay unless covered by an exception to the hearsay rules.

MINUTE ORDER - 1

   b. The Court GRANTS Motion No. 13 to exclude any evidence, statement, or argument related to statements by Tony Bariel (a Profit Center Manager) who may have told Plaintiff that Perry Cook (Defendant's District Manager) "doesn't really like women" working in the construction industry and "certainly not driving trucks." The proposed statements are hearsay, constitute prohibited character evidence under Rule 404(a) and are not statements of a party under Rule 801(d)(2). The Court also concludes that given the disputed nature of the testimony any probative value is far outweighed by the unfair prejudice under Rule 403.

   (2) The Court deferred ruling, docket no. 139, on certain of Plaintiff's motion in limine, docket no. 112. The deferred portions of Plaintiff's motion in limine are DENIED, as follows:

   a. The Court DENIES Motion No. 2, to prohibit Defendant from discussing or suggesting to the jury the fact that Plaintiff has not called to testify any current/former Sunbelt employees/witnesses outside of Plaintiff's subpoena power, as premature.

   b. The Court DENIES Motion No. 3 to prohibit any attempt by Defendant, their attorneys, or their witnesses, to make reference to or allude to probable testimony of any witness who does not testify at trial, regardless of the reason for the witness' absence.

   c. The Court DENIES Motion No. 16 to exclude questioning or testimony on the closed child custody suit between Plaintiff and Tom and Mary Horman, including provider notes and testimony regarding conflicts with birth/adoptive parents and child custody suit. The Court concludes the evidence is relevant to the issue of damages and is not precluded by Rule 403.

   (3) The Court deferred ruling, docket no. 139, on certain of the parties' joint motion in limine, docket no. 114. The deferred portions of Plaintiff's motion in limine are GRANTED IN PART and DEFERRED IN PART as follows:

   a. The Court GRANTS Motion No. 10 to exclude evidence, testimony, or argument from Defendant regarding the termination and/or separation of Plaintiff that was not relied upon by Sunbelt at the time of its decision to separate Plaintiff's employment, including any after-acquired evidence, unless raised at trial.

   b. The Court GRANTS IN PART Motion No. 11 to exclude documentary evidence previously requested through discovery by the parties and not disclosed by the parties in response to discovery requests including interrogatories, requests for production, and requests for admissions. The Court DEFERS as to whether any evidence not disclosed during discovery can be used for impeachment purposes.

MINUTE ORDER - 2

      c.     The Court GRANTS Motion No 15 to exclude evidence, testimony, or arguments relating to front pay or back pay.

     (4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of January , 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 3